[Civ. No. 25549.   First Dist., Div. Four.   June 13, 1969.]

GREGORY A. HARRISON, Individually and as Executor, etc., et al., Plaintiffs and Appellants, v. ROBERT F. DOMERGUE et al., Defendants and Respondents.

Brobeck, Phleger & Harrison, Eugene F. Lynch and Harold A. Irish for Plaintiffs and Appellants.

Earl M. Ripley and Landels, Ripley, Gregory & Diamond for Defendants and Respondents.

CHRISTIAN, J.—Gregory A. Harrison and some others of the several cotenants in a 3,200-acre property known as the Stetson Ranch appeal from a judgment denying partition. The court determined that an agreement entered into in 1952 between the predecessors of all the present owners should be given effect as a perpetual waiver, enforceable by successors of the original parties, of the cotenants' statutory right of partition. We have concluded that the agreement should not be so construed; we therefore reverse the judgment.

In March 1952 the ranch was owned in undivided interests by three couples: the Domergues (40 percent); the Hopkinses (40 percent); and the Grialous (20 percent). The owners then entered into a written agreement which required that any party contemplating a sale of his interest must first offer to sell that interest to the other parties at the highest price offered to the selling party. The agreement provided that it should be binding upon the "heirs, executors, administrators and assigns" of the parties; it is silent as to its enforceability by successors of the original parties.

In 1958 appellant Harrison purchased the Hopkins interest; he then acknowledged in writing the binding effect upon

him of the 1952 agreement. In 1961 appellants Robert and Helene Domergue each received an undivided 20 percent interest in the property by gift from their father (one of the original parties to the 1952 agreement). Appellant Rene Grialou inherited his parents' 20 percent interest in the property in 1962. Appellant Harrison transferred his 40 percent interest in the property to the Bar Sixty-Five Company, a family corporation. A retransfer to Harrison and members of his family followed upon dissolution of the corporation. Thus, at the commencement of this suit, no interest in the property was held by any of the original parties to the 1952 agreement. Both those who wished to enforce the agreement and those opposed were successors in interest of the original parties.

Before commencing the action for partition, appellant Harrison entered into inconclusive negotiations with respondent Robert Domergue regarding the sale of the Harrison interest in the property. It is admitted that these negotiations did not constitute implementation of the option of first refusal provided for in the 1952 agreement.

■ The right of a cotentant to have the property in which he owns an interest partitioned is ordinarily absolute (Code Civ. Proc., § 752). However, that right may be waived or altered by agreement (*Schwartz* v. *Shapiro* (1964) 229 Cal. App.2d 238 [40 Cal.Rptr. 189] ; *Asels* v. *Asels* (1919) 43 Cal. App. 574 [185 P. 419]). ■ An agreement giving rights of first refusal to the other tenants implies an agreement not to bring a partition action in lieu of a sale to the cotenants (*Schwartz* v. *Shapiro, supra,* at p. 253). ■ Accepting the trial court's determination that the parties to the 1952 agreement intended thereby to "relinquish their right to compel a partition," appellants contend that the agreement was not intended to be enforceable by successor owners.

■ That construction was rejected by the trial court without reference to extrinsic evidence; it is accordingly an issue of law set at large for our determination on the appeal. (*Parsons* v. *Bristol Dev. Co.* (1965) 62 Cal.2d 861 [44 Cal.Rptr. 767, 402 P.2d 839].)

■ The agreement provides as follows: " [T]his agreement shall be binding upon all of the parties hereto, their heirs, executors, administrators and assigns, and shall be considered as a covenant running with the land." Respondents suggest that the reference to the covenant as one which runs with the land shows an intent that it be enforceable by successors as well as the original parties. But the language is not

conclusive. Appellants contend that this language should be interpreted to mean that while successors of the original parties are bound by the agreement they do not acquire the benefit thereof, i.e., the right to enforce the agreement.

The California statutes do not clearly distinguish between the running of the benefit and the burden of a covenant. (Civ. Code, §§ 1460, 1465.) But the content of a covenant is controlled by the terms selected by the parties to give effect to their intentions; subject to the restrictions specified by statute, questions whether a covenant binds successors of a party to it and whether the successors of the other party may enforce the covenant are distinct questions of contractual intent which must be analyzed separately. (Compare Rest., Property (1944) §§ 530-538, with id., §§ 541-543; see *Martin v. Ray* (1946) 76 Cal.App.2d 471, 474 [173 P.2d 573]; Ogden, California Real Property Law (1956) pp. 530-531.) It is declared in Restatement, Property (1944) section 544: "The benefit of a promise respecting the use of land of the beneficiary of the promise runs with the land only in so far as it was intended by the parties to the promise that it should run." Comment "a" to section 544 of the Restatement elaborates: "A promise respecting the use of land of the beneficiary of the promise, and to that extent capable of running with the land, may, nevertheless, be intended by the parties to it to be personal to and to be enforceable only by the promisee or by those who are, by virtue of the terms of the promise, beneficiaries of it. Such an intention will be effective to prevent the benefit of the promise from running." While we have found no California case involving facts similar to ours, the intentions of the parties to a covenant have been held in other circumstances to limit enforceability by successors in title. (See *Heimburge v. State Guar. Corp.* (1931) 116 Cal. App. 380 [2 P.2d 998] [enforcement of covenant expressly limited to grantee]; cf. *Martin v. Ray, supra,* 76 Cal.App.2d 471; *Grant Memorial Park, Inc. v. Robla School Dist.* (1939) 33 Cal.App.2d 528 [92 P.2d 499]; *Hunter v. Roman Catholic Bishop* (1932) 128 Cal.App. 90 [16 P.2d 1048]; *Layne v. Bryant* (1930) 108 Cal.App. 324 [291 P. 615].)

This agreement refers only to the binding effect on successors; there is no express provision that the benefit runs to successor owners. Appellants' construction of the agreement appears more likely to represent the intent of the original parties. By means of gifts or inheritance the property could, under the construction urged by respondents, be frag-

mented among many persons not party to the original agreement; something of this sort has already occurred. If none of the fractional interests of present or future owners could be sold without making to all of the successor owners the option offer required by the agreement, the resulting burden on any one party would be greater than that accepted by the original parties. Moreover compliance with the option provision as to proposed sale of a fractional interest would still not permit a partition sale. The obvious effect of the interpretation contended for by respondents is to set in motion an irreversible process of fragmentation of interests which would depreciate the value of all the fractional interests. The apparent purpose of the original parties—to retain for themselves control of the admission of new co-owners—would not be served by extending the operation of the agreement far into the future. That purpose would continue to have validity only as long as the original parties, or one of them, lived and continued in ownership. So long as the covenant was binding upon successors at the instance of any of the still-living original parties, its purpose would be fulfilled.

The trial court did not expressly determine that the agreement was enforceable by successors of the original parties, but the judgment depends upon such an interpretation of the agreement. As we have seen, that construction is not required by the language of the agreement. It is not a favored construction. ██ A restrictive covenant is to be construed strictly; where it is subject to more than one interpretation, that consistent with unencumbered use and alienation of the property is to be preferred (*Smith* v. *North* (1966) 244 Cal. App.2d 245, 248 [53 Cal.Rptr. 94]). ██ We construe the 1952 agreement as binding upon the original parties and their successors in interest, but enforceable only by the original parties.

The judgment is reversed, and the cause is remanded to the trial court with directions to determine whether the property should be partitioned in kind or sold and thereupon to enter judgment in accordance with the determination when made.

Devine, P. J., and Rattigan, J., concurred.