[Nos. C058743, C059785. Third Dist. Apr. 1, 2010.]

LEG INVESTMENTS, Plaintiff and Appellant, v.
THOMAS F. BOXLER et al., Defendants and Respondents.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of parts I., III., and IV. of the Discussion.

COUNSEL

Jay-Allen Eisen Law Corporation, Jay-Allen Eisen, Elizabeth N. Niemi; Stoel Rives and Michael B. Brown for Plaintiff and Appellant.

Sinclair • Wilson, Robert F. Sinclair and John M. Sinclair for Defendants and Respondents.

OPINION

**CANTIL-SAKAUYE, J.**—LEG Investments (LEG) owns a 50 percent undivided interest in a vacation home at Lake Tahoe as cotenant with Thomas F. and Donalee Boxler (the Boxlers). After disputes arose between

the cotenants and LEG unsuccessfully tried to sell its interest, LEG sought a partition by sale. The trial court determined the right of first refusal in the tenancy in common (TIC) agreement waived the right to partition. The court denied LEG's motion for summary judgment or summary adjudication on the right to partition, and granted the Boxlers' motion for summary adjudication on the affirmative defenses of express and implied waiver and on the cause of action in their cross-complaint for a judicial declaration that the owners of the property had waived the right to partition. The court also awarded the Boxlers $86,955 in attorney fees based on the attorney fee provision in the TIC agreement.

LEG appeals, contending the trial court erred in granting summary adjudication as to the affirmative defenses of waiver. LEG contends the right of first refusal in the TIC agreement is not an absolute waiver of the right to partition, but requires only that the selling cotenant first comply with the right of first refusal by offering its interest to the other cotenant before seeking partition. LEG asserts it complied with this requirement. LEG further contends the trial court erred in denying summary adjudication on its cause of action for partition. Finally, LEG contends the award of attorney fees must be reversed. We agree and reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

*Ownership of the Property and the TIC Agreement*

In 1976, Carl and Judith Bumpass and the Boxlers purchased the lakefront property at 4960 North Lake Boulevard, Carnelian Bay, California (the Property). Each couple owned a 50 percent undivided interest in the Property as cotenants.

In 1993, the Bumpasses transferred their interest in the Property to Raymond and Sharon Schwerdtfeger. The Schwerdtfegers and the Boxlers entered into the TIC agreement "to establish their rights and duties with respect to each other as tenants in common."

Section 6 of the TIC agreement provided for a right of first refusal if an owner wanted to sell his or her interest. Paragraph 6.1 provided in part: "If and when either Owner decides to sell their Interest in the Property and that Owner receives a bona fide offer for its purchase from any other person or entity, the other Owner shall have the first right of refusal to purchase the selling Owner's Interest in the Property for the price and on the terms provided for in such bona fide offer." The remainder of paragraph 6.1 spelled out the procedure for accepting or refusing the right of first refusal. If the right was refused, "the selling Owner may enter into an agreement to sell the

Interest to the offeror at the price and under terms no less favorable than those set forth in the notice of offer given to the other Owner."

The term of the TIC agreement was for 30 years from execution, with automatic five-year extensions until termination was agreed to by the owners. Paragraph 7.8 of the TIC agreement provided: "This Agreement shall be binding upon and inure to the benefit of the parties hereto, their heirs, devisees, transferees, executors, administrators, successors, assigns, and all other persons hereafter holding an Interest in the Property. The covenants herein shall be deemed to run with the land, both as to benefit and burden."

The TIC agreement provided the prevailing party in "any action between the parties seeking enforcement or interpretation of any of the terms and conditions of this Agreement" shall be awarded court costs and reasonable attorney fees. The TIC agreement also contained an integration clause, providing "[t]his Agreement and the items incorporated herein contain all of the agreements of the parties hereto with respect to the matters contained herein."

A memorandum of the TIC agreement was recorded in Placer County.

In 1998, LEG purchased the Schwerdtfegers' interest in the Property. LEG is a general partnership. Eppie Johnson is a general partner of LEG.

*LEG Attempts to Sell Its Interest*

Johnson claimed there were disputes and problems with the Boxlers as co-owners almost immediately after LEG's purchase. The Boxlers or their guests often failed to clean the Property and the Boxlers refused to pay for reasonable and necessary landscaping, maintenance, cleaning and repairs. In 2003, LEG offered to sell its interest in the Property or purchase the Boxlers' interest for $750,000. The Boxlers declined both offers.

In 2005, C.R. Gibb, a sophisticated real estate investor with many years of experience in the Lake Tahoe real estate market, offered to purchase LEG's interest in the Property for $1.4 million, subject to his approval of the Boxlers as co-owners. Pursuant to paragraph 6.1 of the TIC agreement, LEG transmitted Gibb's offer to the Boxlers and offered them a right of first refusal to purchase LEG's interest on the same terms. The Boxlers declined. "We will not be exercising our right of first refusal for your bona fide offer of $1,400,000.00." After meeting with the Boxlers, Gibb determined they were unwilling to contribute to renovations and repairs. Gibb would not approve the Boxlers as co-owners and withdrew his offer to purchase.

In March 2006, LEG demanded the Boxlers agree to list the Property for sale or purchase LEG's interest. If neither option was acceptable, LEG would file an action for partition by sale. In response, counsel for the Boxlers stated his clients "would consider purchasing LEG Investments' one-half interest based upon an appraisal, provided there was an appropriate discount in the appraisal attributable to ownership of a fractional interest." The Boxlers' counsel also stated that a partition action could give rise to sanctions in light of a previous partition action, which LEG had dismissed.[1]

*LEG's Partition Action*

In May 2006, LEG filed a complaint for partition by sale. The first cause of action was for partition by sale of the Property, including both the real property and personal property of household furnishings and furniture. The complaint alleged partition by sale was more equitable than division in kind because it was impracticable to physically divide the Property. It further alleged, "The relationship between the parties has so deteriorated that the absolute right to partition by sale is the only available remedy. [¶] . . . [D]efendants have refused to pay for and provide reasonable and necessary maintenance, cleaning, and repairs, and otherwise pay for the reasonable expenses incident to ownership of similarly situated properties."

The first cause of action recited the proposed sale to Gibb, the offer to the Boxlers of the right of first refusal, their failure to exercise that right, Gibb's disapproval of the Boxlers as co-owners, and the Boxlers' refusal to sell the Property or purchase LEG's interest. In paragraph 22 of the first cause of action, LEG alleged it had demanded that the Boxlers "account for and pay reasonable or necessary maintenance, cleaning, repairs, improvements, and expenses relating to the ownership and use of the Property, but Defendants have failed and refused to make such an accounting or pay to Plaintiffs [*sic*] such reasonable amount."

The second cause of action sought injunctive relief to prevent waste due to the Boxlers' refusal to pay for reasonable and necessary maintenance, repairs, expenses, and improvements.

In the prayer, the complaint sought partition by sale of the Property, expenses for litigation guarantee, title reports and partition, an accounting of expenses incurred, appointment of a receiver or broker for sale of the Property, and a preliminary and permanent injunction against waste.

---

[1] LEG had previously filed a complaint for partition in 2004, before it had received an offer for its interest in the Property. The Boxlers moved for summary adjudication on the basis paragraph 6.1 of the TIC agreement waived the right to partition. Before that motion was heard, LEG dismissed its action.

The Boxlers answered with a general denial. They asserted four affirmative defenses: failure to state a cause of action; express contractual waiver of the right to partition; implied waiver of the right to partition; and unfairness. The affirmative defenses of waiver were based on the original parties' intention that the Property be used as a long-term vacation home and the provisions in the TIC agreement, particularly the right of first refusal. The Boxlers alleged partition was unfair because LEG had acquired the Property at a discount reflecting their fractional interest. A partition sale of the entire Property at nondiscounted value would result in a windfall to LEG and resulting unfairness to the Boxlers.

*The Boxlers' Cross-complaint*

The Boxlers filed a cross-complaint with two causes of action. The first cause of action sought a judicial determination whether LEG could compel a judicial decree sale of the entire Property or whether the owners of the Property had waived the right to force a sale by judicial decree. The second cause of action sought specific performance of paragraph 6.1 of the TIC agreement, that prior to any sale or transfer of its interest, LEG obtain a valid, good faith offer for acquisition of LEG's interest and present it to the Boxlers pursuant to their right to acquire LEG's interest on substantially similar terms. The cross-complaint sought an award of attorney fees.

*LEG's Motion for Summary Judgment or Summary Adjudication*

LEG moved for summary judgment or summary adjudication on the first cause of action for partition by sale on the grounds LEG was entitled to an interlocutory judgment ordering sale of the Property and that there was no defense to that cause of action.

LEG argued the Boxlers had previously acknowledged the right to partition. In the prior partition action concerning the Property, the Boxlers had moved for summary adjudication, stating that partition could be compelled only after compliance with the right of first refusal in the TIC agreement.

In support of the motion, LEG provided the Boxlers' separate statement of undisputed facts in support of their motion for summary adjudication in the prior partition action. In that statement, the Boxlers claimed as an undisputed fact that, "Pursuant to paragraph 6.1 of the TIC Agreement, an owner of an interest in the Property cannot compel a statutory partition of the Property under California Code of Civil Procedure section 872.010, et seq. until such time as the owner who desires a statutory petition [*sic*] has first complied with the provisions of paragraph 6.1."

LEG also provided Johnson's declaration, in which he outlined the problems with the Boxlers, including their failure to clean the Property or to pay

reasonable expenses, and LEG's attempts to sell its interest. Johnson declared that in 2003, the Boxlers refused to buy LEG's interest in the Property or sell their interest for $750,000. In a 2006 deposition, Thomas Boxler testified that in 2003 he asked a realtor to determine the fair market value of the Property and the realtor determined its value was $3 million at that time. Johnson stated that the relationship between LEG and the Boxlers had so deteriorated that partition was the only remedy. He believed that due to "the difficulty of co-ownership of the property with the Boxlers, [no] potential buyer [would] approve the Boxlers as co-owners or purchase LEG's interest in the property for anywhere near [fair] market value."

In opposition, the Boxlers disputed LEG's interpretation of the TIC agreement. They agreed partition by sale was more equitable than partition by division. They also agreed they had declined to exercise their right of first refusal on Gibb's "bona fide offer." They disputed that they declined LEG's offer to sell its interest to the Boxlers in 2006 because LEG failed to set forth a price or terms sufficient to constitute an offer. They further disputed the allegations of paragraph 22 of the complaint. They contended that rather than they owing LEG money, LEG owed them money.

*The Boxlers' Motion for Summary Adjudication*

The Boxlers moved for summary adjudication of issues, contending there was no defense to their affirmative defenses of waiver or to the first cause of action of the cross-complaint for declaratory relief. They argued their position in the earlier partition action was not binding because it had not been accepted by a court and now the facts were different. They later argued their interpretation of the TIC agreement was supported by the historic conduct of the owners—always complying with the right of first refusal for every sale and not suing for partition.

In support of the motion, Thomas Boxler declared that "with the exception of the privately arranged purported contract between LEG and Mr. Gibbs [*sic*], no effort has been made by Eppie Johnson or any other partner or representative of LEG to make the public aware of its desire to sell its one-half interest in the Property at the fair market value of that interest."

In opposition, LEG provided evidence that Thomas Boxler had been abusive to the prior owners, the Schwerdtfegers, when his authority was challenged. After the Boxlers refused to buy the Schwerdtfegers' interest for what they had paid for it, the Schwerdtfegers listed it for sale. The Boxlers refused to cooperate; Thomas Boxler even threatened to shoot a realtor. A potential sale fell through when the purchaser refused to approve the Boxlers as co-owners. During the sale to LEG, the Boxlers demanded the

Schwerdtfegers return their personal property to the Property and extracted $15,000 from the Schwerdtfegers to close escrow. A realtor with 17 years' experience in the Lake Tahoe area declared Thomas Boxler "is the most difficult property owner I have ever encountered in my real estate career."

LEG also provided evidence that the Schwerdtfegers and their attorney, who drafted the TIC agreement, did not intend the right of first refusal to waive the right to partition.

*The Ruling*

The trial court denied LEG's motion for summary adjudication on the first cause of action for a partition sale. The court found the language of the complaint's prayer ambiguous as to the request for an accounting; it was unclear whether LEG requested a partition accounting or an accounting of all expenditures and receipts. Since the court could not determine if the motion addressed all elements of the first cause of action, the motion was denied.

The court found the right of first refusal waived the statutory right to partition and granted the Boxlers' motion for summary adjudication of their second and third affirmative defenses of waiver and the first cause of action of the cross-complaint for declaratory relief.

Both parties prepared orders and the court signed them all.

*Dismissal of the Complaint and Cross-complaint*

LEG filed an ex parte application to dismiss its complaint with prejudice. LEG explained the court's ruling had effectively disposed of its entire complaint. To expedite an appeal, LEG requested an order dismissing the complaint.

The Boxlers did not oppose the dismissal, but argued it would not result in an appealable order.

The court signed the order for dismissal, adding "This order does not imply a finding that this dismissal is or is not an appealable order."

Subsequently, the Boxlers dismissed the second cause of action (specific performance of par. 6.1 of the TIC agreement) in their cross-complaint. Judgment was entered and LEG appealed.

*Award of Attorney Fees to the Boxlers*

The Boxlers moved for attorney fees. The court awarded them $86,955 in fees. LEG appealed from this ruling.

## DISCUSSION

## I.

### The Appeal is Not Moot[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## II.

### The Right of First Refusal in the TIC Agreement Modifies the Statutory Right to Partition, but Does Not Permanently Waive It

■ A co-owner of real or personal property may bring an action for partition. (Code Civ. Proc., § 872.210.) "The primary purpose of a partition suit is, as the terminology implies, to partition the property, that is, to sever the unity of possession. [Citations.]" (*Schwartz v. Shapiro* (1964) 229 Cal.App.2d 238, 257 [40 Cal.Rptr. 189] (*Schwartz*).) "Partition is a remedy much favored by the law. The original purpose of partition was to permit cotenants to avoid the inconvenience and dissension arising from sharing joint possession of land. An additional reason to favor partition is the policy of facilitating transmission of title, thereby avoiding unreasonable restraints on the use and enjoyment of property." (59A Am.Jur.2d (2003) Partition, § 6, p. 15, fns. omitted.)

In lieu of dividing the property among the parties, the court shall order the property be sold and the proceeds divided among the parties in accordance with their interests in the property if the parties agree to such relief or the court determines sale and division of the proceeds would be more equitable than a division of the property. (Code Civ. Proc., § 872.820.) Here the parties agreed partition by sale was more equitable than partition in kind.

■ A co-owner of property has an absolute right to partition unless barred by a valid waiver. (Code Civ. Proc., § 872.710, subd. (b).) "[T]he right of partition may be waived by contract, either express or implied." (*American Medical International, Inc. v. Feller* (1976) 59 Cal.App.3d 1008, 1014 [131 Cal.Rptr. 270].) "An agreement giving rights of first refusal to the other tenants implies an agreement not to bring a partition action in lieu of a sale to the cotenants [citation]." (*Harrison v. Domergue* (1969) 274 Cal.App.2d 19, 21 [78 Cal.Rptr. 797].)

---

[*]See footnote, *ante*, page 484.

■ In *Schwartz, supra*, 229 Cal.App.2d 238, the plaintiff brought an action for partition of an apartment building she owned with the defendants. As an affirmative defense, the defendants alleged they had the right to purchase the plaintiff's interest in the building pursuant to an agreement under which the parties agreed " 'that should either party agree to sell their 1/2 interest individually that sale of same shall be first offered to the remaining owner at the original purchase price.' " (*Id.* at p. 243.) The appellate court noted that if a party could bring a partition action, it would nullify the right of first refusal. The court concluded the right to partition had been modified by this agreement "to the extent that before partition can be had the selling owner must first offer his interest to the coowner. Upon the nonselling owner's refusal or failure to exercise his right to purchase within a reasonable time, the seller has discharged his obligation to his coowner and he may proceed with partition if he is so advised." (*Id.* at p. 253.)

LEG contends *Schwartz* is controlling; since the Boxlers refused the offered right of first refusal, LEG may proceed with the partition action.[2] LEG contends the trial court erred in granting summary adjudication on the affirmative defenses of waiver.

"Appellate review of a ruling on a summary judgment or summary adjudication motion is de novo. [Citations.]" (*Brassinga v. City of Mountain View* (1998) 66 Cal.App.4th 195, 210 [77 Cal.Rptr.2d 660].)

■ The trial court granted summary adjudication on the second and third affirmative defenses set forth in the Boxlers' answer to LEG's complaint. The second affirmative defense was express contractual waiver. There was no express waiver of the right to partition in the TIC agreement as the TIC agreement does not mention either partition or waiver. A right of first refusal has been construed only as an implied waiver or modification of the right to partition. (*Harrison v. Domergue, supra*, 274 Cal.App.2d at p. 21; *Schwartz, supra*, 229 Cal.App.2d at p. 253.) The trial court erred in granting summary adjudication on the second affirmative defense of express contractual waiver.

The third affirmative defense was implied waiver of the right to partition based on the right of first refusal in the TIC agreement.[3] The trial court

---

[2] The Boxlers characterize LEG's position as contending the right of first refusal is a single one-time obligation and it disappears once it is refused. We disagree. We understand LEG's position to be that the right of first refusal applies whenever a cotenant wishes to sell its interest in the Property; if the other cotenant refuses the right of first refusal, the selling cotenant may then sell to a third party or, if that sale is unsuccessful, seek partition.

[3] The Boxlers' answer also cites the purpose of the acquisition of the Property as a long-term vacation home to support their affirmative defenses of waiver. The parties' intended use of the property has been held to show an implied waiver of the right to partition. (*American*

declined to follow *Schwartz*, characterizing as dicta its language about the plaintiff being able to proceed with partition if the nonseller refused or failed to exercise the right to purchase. The court also noted the unique facts of *Schwartz* where the right of first refusal could be exercised for the original purchase price; the court noted that here LEG could get its full value by selling to either a third party or the Boxlers. The court was also concerned that an unscrupulous plaintiff could set up a bogus third party sale, allow the sale to fall through, and then partition the property to realize a greater profit.

The Boxlers contend the trial court properly limited *Schwartz* to its facts; in *Schwartz* the agreement bound only the original owners and the right of first refusal permitted the nonselling owner to purchase the selling owner's interest at the original purchase price. The Boxlers contend the agreement in *Schwartz* was not a classic right of first refusal that applied to every sale by successive owners, but a one-time right to purchase at the original purchase price triggered by the co-owner's desire to sell.

Neither *Schwartz* nor any of the many cases cited by the parties present the factual situation found here: a cotenant desires to sell his interest and receives an offer from a third party; the selling cotenant complies with the right of first refusal, but the other cotenant declines to exercise the right; after the proposed sale falls through, the selling cotenant seeks partition. Whether paragraph 6.1 of the TIC agreement bars partition in this case requires interpreting paragraph 6.1; specifically, we must determine whether the right of first refusal absolutely waives the right of partition for the term of the TIC agreement or whether the right of first refusal merely modifies the right of partition to require the selling cotenant to first offer to sell to the nonselling cotenant on terms as favorable as those offered by a prospective buyer.

■    We interpret a contract to give effect to the parties' intent. (Civ. Code, § 1636.) In determining the scope of the implied waiver or modification, we consider the purpose of the right of first refusal in paragraph 6.1 of the TIC agreement. In *Harrison v. Domergue, supra*, 274 Cal.App.2d at page 23, the court found the "apparent purpose" of a similar right of first refusal was "to retain for [the original parties] control of the admission of new co-owners." The Boxlers offer a second purpose. They contend the right of first refusal gave the nonselling cotenant the right to purchase the selling cotenant's

*Medical International, Inc. v. Feller, supra*, 59 Cal.App.3d 1008, 1016–1017 [investors purchased small undivided interests in property with understanding there would be long-term lease providing steady income]; *Pine v. Tiedt* (1965) 232 Cal.App.2d 733 [43 Cal.Rptr. 184] [investment in property with long-term lease to secure source of investment income]; *Thomas v. Witte* (1963) 214 Cal.App.2d 322 [29 Cal.Rptr. 412] [cotenants' agreed-to plan designed to develop property over a period of time].) In moving for summary adjudication on the affirmative defenses of waiver, the Boxlers relied on only the TIC agreement to establish an implied waiver.

interest at the price of a fractional interest. The trial court did not mention this purpose in its ruling, but adopted this reasoning in the order, prepared by the Boxlers, that the court signed.

Interpreting the right of first refusal in the TIC agreement to permit partition after the nonselling cotenant has declined to exercise the right of first refusal and the proposed sale to a third party has fallen through would not be contrary to either of these purposes. The nonseller could control ownership of the Property by exercising its right of first refusal. Further, exercising the right of first refusal would give the nonseller the right to purchase the selling cotenant's interest at the market price for a fractional interest; that price would be set by the third party bona fide purchaser.

The Boxlers insinuate that the offer by Gibb was not bona fide. The trial court expressed concern the selling cotenant could set up a bogus third party sale. This concern can be addressed by the nonseller challenging the bona fide nature of the third party offer. The Boxlers failed to make that challenge. They presented no admissible evidence challenging the bona fide nature of the Gibb offer.[4] Rather, in declining to exercise their right of first refusal, they stated: "We will not be exercising our right of first refusal for your bona fide offer of $1,400,000.00." More significantly, given the procedural posture of this case, they failed to dispute LEG's undisputed fact that the Boxlers declined to exercise their right of first refusal on the bona fide offer. LEG set forth this fact in its separate statement of undisputed facts in support of its motion for summary judgment or summary adjudication. The Boxlers responded this fact was undisputed. Accordingly, we treat as undisputed that Gibb made a bona fide offer to purchase LEG's interest in the Property.

■ Construing the right of first refusal as a perpetual—at least for the term of the TIC agreement—implied waiver of the right to partition is a disfavored interpretation.[5] "A restrictive covenant is to be construed strictly; where it is subject to more than one interpretation, that consistent with

---

[4] In reply to LEG's opposition to their motion for summary adjudication, the Boxlers provided evidence of the lack of negotiation in reaching the sale price for the Gibb offer. The trial court sustained LEG's objection to this evidence. The Boxlers contend they provided this evidence late "due to the timing of discovery." Under Code of Civil Procedure section 437c, subdivision (h), the trial court may order a continuance to permit a party to obtain affidavits or conduct discovery to oppose a motion for summary judgment or summary adjudication. (Here, of course, the Boxlers provided late-discovered evidence to support their motion, suggesting their motion was premature.)

[5] In *Harrison v. Domergue, supra,* 274 Cal.App.2d 19, 20, the appellant accepted the trial court's determination that the right of first refusal constituted a perpetual waiver of the right to partition and challenged only whether it was enforceable by subsequent owners. Consequently, the appellate court did not determine if the implied waiver of the right to partition was indeed perpetual. As cases are not authority for propositions not considered and decided (*Santisas v.*

unencumbered use and alienation of the property is to be preferred [citation]." (*Harrison v. Domergue, supra*, 274 Cal.App.2d at p. 23.) Construing the implied waiver as continuing throughout the term of the TIC agreement, despite compliance with the right of first refusal, would restrict alienation of the Property. In opposition to the Boxlers' motion for summary adjudication, LEG presented evidence to support its position that Mr. Boxler was a difficult owner and no potential purchaser would approve the Boxlers as co-owners, thereby preventing LEG from selling its interest in the Property. The policy behind a partition action is to permanently end all disputes about property and to remove all obstructions to its free enjoyment. (*McGillivray v. Evans* (1864) 27 Cal. 92, 96.) The interpretation of the implied waiver advanced by the Boxlers and accepted by the trial court would defeat this policy.

■ Since the Boxlers' interpretation of the right of first refusal as a perpetual waiver is not necessary to fulfill the purposes of the right of first refusal, and since such interpretation is contrary to the policy of the law favoring partition, we decline to adopt it. Instead, we follow *Schwartz* and find the right of first refusal modified the statutory right to partition and required the selling cotenant to first comply with the terms of paragraph 6.1 of the TIC agreement before seeking partition. The trial court erred in finding the right of first refusal was a permanent waiver of the statutory right of partition for the term of the TIC agreement. Because LEG complied with the terms of paragraph 6.1 of the TIC agreement before filing this partition action, the trial court erred in granting summary adjudication on the Boxlers' third affirmative defense of implied waiver of the right to partition.

## III.–IV.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The judgment and the order awarding the Boxlers attorney fees are reversed. The trial court is directed (1) to vacate its orders granting the Boxlers' motion for summary adjudication and denying LEG's motion for summary adjudication; (2) to enter a new order granting LEG's motion for summary adjudication on its first cause of action for partition by sale, and to

*Goodin* (1998) 17 Cal.4th 599, 620 [71 Cal.Rptr.2d 830, 951 P.2d 399]), *Harrison* does not hold a right of first refusal constitutes a perpetual waiver of the right of partition enforceable by an original owner.

*See footnote, *ante*, page 484.

deny the Boxlers' motion for summary adjudication on that cause of action and on its first cause of action in its cross-complaint for declaratory relief; and (3) to enter an interlocutory judgment directing partition of the Property by sale. LEG shall recover its costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

Scotland, P. J., and Sims, J., concurred.