Filed 5/28/26  Distressed Real Estate Restoration Services v. Rolon CA3

<u>NOT TO BE PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

| | |
|---|---|
| DISTRESSED REAL ESTATE RESTORATION SERVICES LLC,<br>    Plaintiff and Appellant,<br><br>v.<br><br>MIKE ROLON,<br>    Defendant and Respondent. | C103791<br><br>(Super. Ct. No. 34-2021-00297111-CU-OR-GDS) |

Plaintiff and Appellant Distressed Real Estate Restoration Services, LLC (Distressed) appeals from the trial court's order to partition a property in Sacramento between it and Defendant and Respondent Mike Rolon (Rolon).  Distressed claims that the trial court made a variety of legal errors at the partition trial including a failure to apply the Home Equity Sales Contract Act (HESCA) and Evidence Code section 662.  Distressed also contends that the trial court exceeded its authority under Code of Civil Procedure section 872.610 by considering Rolon's claims at the partition trial even though Rolon did not properly plead his claim for an interest in the property.  We affirm the trial court's order.

1

## FACTS AND HISTORY OF THE PROCEEDINGS

This case involves a residential property in Sacramento (Property) that was at risk of foreclosure. Margie Bince owned 8/9ths interest in the Property, and her stepson, Kenneth Bince, owned 1/9th interest in the Property.

Rolon approached Margie and they discussed a purchase agreement for her interest in the Property. The details of this oral arrangement are not in the record, but according to the court's order on file in this matter, Rolon agreed to pay off Margie's mortgage arrears and Margie was supposed to receive money from the transaction. It is unclear whether the purchase of Margie's Property interest would be on behalf of Rolon, his girlfriend Margarita Broca, or the Margarita Family Trust, but an offer was made in a Purchase Agreement in February 2020 from the Margarita Family Trust to buy the Property from Margie for $125,000. Margie did not sign the Purchase Agreement.

Rolon wired $57,594.60 to the Property's mortgage holder to stop the foreclosure proceedings on February 19, 2020. About a week later, Rolon acquired Kenneth's 1/9th interest in the Property in a separate transaction.

Several months after Rolon paid the mortgage arrears, Margie sold her interest in the Property to Distressed. The Purchase Agreement acknowledged that Rolon paid off the mortgage and Distressed expressly agreed to take the Property subject to any "potential claim" by Rolon. Margie received $75,000 from Distressed for her Property interest plus the benefit of Rolon's payment of her mortgage arrears for a total of $132,594.60. Distressed never paid Rolon for his payment of the loan.

At some unidentified point in time, Rolon took possession of the Property, made repairs, and then rented it out. Rolon received rental payments of $150, $900, and $1,000 at various points in early 2022. The rent was not shared with Distressed.

On March 23, 2021, Distressed filed a complaint seeking partition of the Property and an accounting of all income, rent, or other proceeds received by Rolon from the

Property. Rolon filed an answer, alleging that Distressed did not have any interest in the Property because he had a preexisting agreement with Margie to purchase her interest in the Property and he paid off the defaulted loan amount.

A partition trial occurred on June 11 and 12, 2024. (Code of Civ. Pro. § 872.710, subd. (a).) Three witnesses testified at the trial, including Margie and Rolon. A reporter's transcript of the trial was not included in the record on appeal.

As relevant here, Distressed argued in its closing trial brief that it was entitled to the presumption of ownership of the Property under Evidence Code section 662; that Rolon had no standing to assert his claims to the Property because he failed to file a cross-complaint against either Distressed or Margie; and that there was no contract between Rolon and Margie to purchase her interest in the Property, and even if there was, it was cancellable by her under HESCA.

In his closing trial brief, Rolon argued that HESCA does not apply to his transaction with Margie because he was not an equity purchaser of her interest in the Property, and even if it did apply, Margie did not properly rescind her agreement with Rolon under the HESCA requirements. Rolon also claimed that Distressed tortiously interfered with his agreement to purchase Margie's interest in the Property; he asked for equitable adjustment of the Property.

The trial court held it was inequitable for Distressed to have obtained its interest in the Property with use of the funds paid by Rolon to cure the defaulted mortgage loan finding that "Distressed knew Rolon had paid $57,594.60 toward the purchase of Ms. Bince's interest. Knowing that, Distressed stepped in and took advantage of the situation by promising Ms. Bince a little more cash to her, representing to her that Distressed would take the Property subject to a 'potential claim' by Rolon for which she would have 'no further obligation.' " The court further found that HESCA did not apply because Rolon never entered into a written agreement with Margie for her interest in the Property; if he had, Rolon would have "presumably" come within the HESCA statutes.

3

Based on the "court's broad equitable powers" and its "ability to fashion a remedy to meet the needs of the case," the trial court awarded Rolon an interest in the Property based on the funds he paid to cure the default on the mortgage, subject to offset for Distressed's share of the rent payments Rolon received. The partition was therefore granted with Distressed receiving 54 percent interest in the Property and Rolon receiving 46 percent.

Distressed appeals.

DISCUSSION

I

*HESCA and Evidence Code Section 662*

Distressed challenges the trial court's partition order, arguing that it erroneously declined to apply HESCA and Evidence Code section 662—and instead utilized the principles of equity—at the trial. Distressed also contends that the trial court exceeded its authority under Code of Civil Procedure section 872.610 by considering Rolon's interests in the Property when he failed to properly plead them.

A Partition Action is an Equitable Proceeding

"A co-owner of real or personal property may bring an action for partition. (Code Civ. Proc., § 872.210.) 'The primary purpose of a partition suit is . . . to partition the property, that is, to sever the unity of possession. [Citations.]' [Citation.]" (*LEG Investments v. Boxler* (2010) 183 Cal.App.4th 484, 493; see also *14859 Moorpark Homeowner's Ass'n v. VRT Corp.* (1998) 63 Cal.App.4th 1396, 1404-1405 [" 'partition' " is " 'the procedure for segregating and terminating common interests in the same parcel of property' "].) " 'Partition is a remedy much favored by the law. The original purpose of partition was to permit cotenants to avoid the inconvenience and dissension arising from sharing joint possession of land. An additional reason to favor

4

partition is the policy of facilitating transmission of title, thereby avoiding unreasonable restraints on the use and enjoyment of property.' [Citation]." (*LEG Investments, supra*, at p. 493.) "[A]lthough the action of partition is of statutory origin in this state, it is nonetheless an equitable proceeding." (*Elbert, Ltd. v. Federated Income Properties* (1953) 120 Cal.App.2d 194, 200.)

Indeed, "[t]he court may, in all cases, order allowance, accounting, contribution, or other compensatory adjustment among the parties according to *the principles of equity*." (Code of Civ. Proc., § 872.140, italics added.)

### HESCA Does Not Apply to the Oral Agreement Between Rolon and Margie

HESCA "is designed to protect homeowners in default against unfair purchases of their home equity. The Act regulates transactions between an equity purchaser and an equity seller resulting in the sale of residential real property in foreclosure. Central to the legislative scheme is the requirement that the agreement between the buyer and seller be in writing and contain specific terms aimed at protecting the homeowner ([Civ. Code] §§ 1695.2, 1695.3, 1695.5)." (*Capon v. Monopoly Game LLC* (2011) 193 Cal.App.4th 344, 347.)

Distressed contends that HESCA applies to the agreement between Margie and Rolon because Margie was a "homeowner in foreclosure" and Rolon "claimed a contractual right to acquire her entire 8/9[s] interest." Neither of these facts bring HESCA into play. Instead, HESCA regulates transactions between an equity purchaser and an equity seller resulting in the sale of residential real property in foreclosure. No such transaction occurred here.

Scant details are available regarding the verbal agreement between Rolon and Margie, but the trial court found that Margie and Rolon "discussed" a purchase agreement. Rolon then wired money to the mortgage company to pay the mortgage

5

arrears, and a Purchase Agreement was filled out on behalf of the Margarita Family Trust, though Margie never signed it.

Based on the record we have, it appears that Rolon was not an equity purchaser of the Property. HESCA therefore does not apply to any agreement between Rolon and Margie and the trial court therefore did not err by failing to apply it.

Evidence Code Section 662

Evidence Code section 662 codifies the common law presumption that title is held as described in a deed. (*In re Marriage of Starr* (2010) 189 Cal.App.4th 277, 282.) The statute applies when "there is no dispute as to where legal title resides but there is question as to where all or part of the beneficial title should rest." (*Murray v. Murray* (1994) 26 Cal.App.4th 1062, 1067.) The presumption can be overcome by evidence of an agreement or understanding between the parties that the title reflected in the deed is not what the parties intended. (*In re Marriage of Brooks & Robinson* (2008) 169 Cal.App.4th 176, 189 (*Brooks*), overruled on another ground in *In re Marriage of Valli* (2014) 58 Cal.4th 1396, 1405.) The contrary agreement can be oral, but the evidence of the agreement must be clear and convincing, so clear as to leave no substantial doubt and sufficiently strong to command the unhesitating assent of every reasonable mind. (*Brooks*, at p. 190; Evid. Code, § 662.)

The focal point of the litigation below was whether Rolon or Distressed held legal title to Margie's 8/9ths interest in the Property. The deed reflects that Distressed purchased the Property from Margie, but Rolon successfully challenged Distressed's ownership interest by proving to the court he had an oral agreement with Margie and had paid the mortgage arrears. This forecloses the applicability of Evidence Code section 662 and the trial court therefore did not err by refusing to apply it.

6

## II

### *Code of Civil Procedure Section 872.610*

Code of Civil Procedure section 872.610 allows the "interests of the parties, plaintiff as well as defendant" to be put into issue and then tried and determined by the trial court in a partition trial. The interests of the parties are put into issue via the pleadings. (Code of Civ. Pro. §§ 872.230, subd. (b) [requiring plaintiff to set forth its alleged claims and interests in the property], 872.410, subds. (a), (b) [requiring defendant to set forth its alleged interests or claims in the property and facts to controvert any allegations in the complaint].) The trial court is then authorized to "order allowance, accounting, contribution, or other compensatory adjustment among the parties according to the principles of equity." (Code of Civ. Proc. § 872.140.)

Distressed claims that the trial court "exceeded the permissible scope of authority" under Code of Civil Procedure section 872.610 by allocating interest in the Property to Rolon because Rolon never placed his interests at issue in a "properly pleaded claim." Not so.

In conformance with the statutory requirements, Rolon placed his interest in the Property at issue in his Answer to the Complaint, wherein he claimed that he had an agreement to purchase Margie's 8/9ths interest in the Property and paid the mortgage arrears. Nothing more is required for Rolon to claim his interest in the Property for the trial court's consideration at the partition trial. The trial court was thus authorized to order partition of the Property between Rolon and Distressed based on the principles of equity.

7

DISPOSITION

The judgment is affirmed.

/s/
HULL, J.

We concur:

/s/
EARL, P. J.

/s/
MESIWALA, J.

8