Filed 11/3/17

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| STARA ORIEN, | B277323 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC524339) |
| v. | |
| MISTA L. LUTZ et al., | |
| Defendants and Appellants. | |

     APPEAL from an order of the Superior Court of Los Angeles County, Deirdre H. Hill, Judge.  Reversed.

     Friedman Stroffe & Gerard and Richard W. Millar for Defendants and Appellants.

     Schorr Law and Zachary D. Schorr for Plaintiff and Respondent.

\* \* \* \* \* \*

     Defendants Mista L. Lutz and Russell A. Howells appeal from an order granting attorney fees to plaintiff Stara Orien,

respondent here, after the trial court entered an interlocutory judgment of partition in her favor. The trial court found that an attorney fee provision in an earlier settlement agreement among the parties applied to the partition action, and thus awarded all fees to plaintiff under Civil Code section 1717 rather than apportioning the costs of partition under Code of Civil Procedure section 874.040. We hold that the partition action did not fall within the terms of the attorney fee provision. Accordingly, we reverse the order.

## BACKGROUND

In 2003 plaintiff and defendants received a gift of two residences from their mother. Each took an undivided one-third interest in the properties.

In 2006 the parties entered into a settlement agreement to resolve a probate claim regarding their mother's estate initiated by defendant Howells. Paragraph 11.1 of the settlement agreement, entitled "Sale of properties," stated, "Mista, Stara and Russell [(i.e., plaintiff and defendants)] may sell the properties at any time they agree to do so. However, this provision shall not prevent any one or more of the parties from filing a partition action with respect to either or both the properties, in the event that Mista, Stara and Russell are unable to unanimously agree on whether or not the properties should be sold."

Paragraph 21.1 of the settlement agreement provided for attorney fees, stating, "Should any party hereto retain counsel for the purpose of enforcing or preventing the breach of any provision herein, including but not limited to instituting an action for a declaration of such party's rights or obligations hereunder, or for any other judicial remedy, then the prevailing party shall be entitled in addition to such other relief as may be granted, to be

2

reimbursed by the other party for all costs and expenses incurred thereby, including but not limited to, reasonable attorney's fees and costs."

In October 2013, plaintiff filed a complaint against defendants seeking partition by sale of both properties. The complaint referred to the 2006 settlement agreement, alleging that as part of that agreement "the Parties stipulated that any one of them could partition the Properties in the absence of a unanimous agreement among them." The complaint also referenced the attorney fee provision in the agreement, and plaintiff sought attorney fees and costs in the prayer.

The trial court granted summary judgment for plaintiff, and entered an interlocutory judgment for partition by sale. In a separate order, the trial court awarded attorney fees to plaintiff pursuant to paragraph 21.1 of the 2006 settlement agreement and Civil Code section 1717, which governs awards of attorney fees for actions on contract.[1] The court found that plaintiff's partition action "concerned enforcement of one of the provisions of the settlement agreement—paragraph 11.1—that allowed for partition by sale of the properties at issue" and therefore fell within the attorney fees provision. The court rejected defendants' argument that plaintiff had the right to seek partition independent of the agreement: ". . . Defendants, who were represented by counsel in the execution of the Settlement Agreement, voluntarily included this provision in the agreement. Plaintiff, through this action, specifically sought to enforce that provision as cited in her complaint."

---

[1] Code of Civil Procedure section 874.110, subdivision (a), allows a court in a partition action to order payment of attorney fees prior to final judgment.

3

The court found that the fees sought by plaintiff "were incurred for the common benefit," as required to apportion attorney fees among the parties to a partition action. (See Code Civ. Proc., §§ 874.010, 874.040.) Given its ruling under Civil Code section 1717, however, the court declined to apportion fees and instead awarded them all to plaintiff.[2]

Defendants timely appealed.[3]

## DISCUSSION

### 1. Entitlement to attorney fees under settlement agreement

Defendants argue the court erred in interpreting the settlement agreement to allow recovery of attorney fees for a partition action. We agree with defendants.

"We review de novo a determination of an award of attorney fees under a contractual provision where, as here, no extrinsic evidence has been offered to interpret the contract, and the facts are not in dispute." (*Kangarlou v. Progressive Title Co., Inc.* (2005) 128 Cal.App.4th 1174, 1177.) "Our goal in interpreting a contract is to give effect to the mutual intention of the contracting parties at the time the contract was formed. (Civ. Code, § 1636.) We ascertain that intention solely from the

---

[2] Plaintiff sought $108,934 in fees. The court reduced this amount to $81,700.50 to reflect a number of "unacceptably vague" items billed by plaintiff's counsel. The amount of fees is not at issue in this appeal.

[3] Interlocutory judgments directing partition are appealable, as are orders made after such judgments. (Code Civ. Proc., § 904.1, subd. (a)(1), (2), (9).) An order granting attorney fees is an appealable order after judgment. (*Whiteside v. Tenet Healthcare Corp.* (2002) 101 Cal.App.4th 693, 706.)

4

written contract if possible, but also consider the circumstances under which the contract was made and the matter to which it relates. (*Id.,* §§ 1639, 1647.) We consider the contract as a whole and interpret its language in context so as to give effect to each provision, rather than interpret contractual language in isolation. (*Id.,* § 1641.) We interpret words in accordance with their ordinary and popular sense, unless the words are used in a technical sense or a special meaning is given to them by usage. (*Id.,* § 1644.) If contractual language is clear and explicit and does not involve an absurdity, the plain meaning governs. (*Id.,* § 1638.)" (*Windsor Pacific LLC v. Samwood Co., Inc.* (2013) 213 Cal.App.4th 263, 274 (*Windsor Pacific*), disapproved of on other grounds by *Mountain Air Enterprises, LLC v. Sundowner Towers, LLC* (2017) 3 Cal.5th 744, 756, fn. 3.)

At issue here are the trial court's findings that the settlement agreement "provided a right to partition by sale" and plaintiff's partition action sought to enforce that contractual right, thus entitling plaintiff to attorney fees under paragraph 21.1 and Civil Code section 1717.[4] Defendants dispute that the right to partition is contractual. They argue that the parties had the right to partition independent of the agreement, and the agreement "neither enlarged nor restricted" that right. "At best,"

---

[4] Civil Code section 1717 states, in relevant part, "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." (Civ. Code, § 1717, subd. (a).)

5

defendants argue, "the settlement agreement merely clarifies that none of the settling parties have waived their right to partition." The trial court rejected this argument, noting that defendants "voluntarily included this provision in the agreement."

Defendants are correct that the parties had the right to seek partition regardless of the agreement. "A co-owner of property has an absolute right to partition unless barred by a valid waiver." (*LEG Investments v. Boxler* (2010) 183 Cal.App.4th 484, 493 (*LEG Investments*), citing Code Civ. Proc., § 872.710, subd. (b).) The trial court, while acknowledging the statutory right to partition, apparently found that the language in the settlement agreement created an identical right in the contract, thus bringing it within the ambit of the attorney fee provision.

We disagree with the trial court's conclusion. Paragraph 11.1 of the settlement agreement states that the parties may sell the properties should they agree to do so, but "this provision shall not prevent any one or more of the parties from filing a partition action" should they fail to agree to a sale. Giving this language its ordinary meaning, the phrase "shall not prevent" does not imply the creation of a new right, but the preservation of an existing right. That existing right can only be the statutory right to partition; the agreement does not mention partition other than in paragraph 11.1, and the record contains no other possible source of that right. So even accepting the trial court's position that a statutory right can effectively be transformed into a contractual right by including it in an agreement, the language does not reflect that the parties did so here.

6

The fact that the right to partition exists independent of the agreement does not render the partition language in paragraph 11.1 surplusage. Because the otherwise absolute right to partition may be waived by contract (*LEG Investments, supra*, 183 Cal.App.4th at p. 493), the wise drafter of an agreement among co-owners of property will include language making clear no such waiver is intended. To do otherwise risks a later judicial finding that the parties have impliedly waived their right to partition by virtue of other contractual provisions. (See, e.g., *ibid.* [agreement giving right of first refusal to co-owners implies agreement not to bring partition action]; *Penasquitos, Inc. v. Holladay* (1972) 27 Cal.App.3d 356, 358 [waiver of right to partition implied by cotenants entering into lease and option agreements with third party]; *Pine v. Tiedt* (1965) 232 Cal.App.2d 733, 738 [waiver implied when partition "would conflict with a prior agreement of the parties as to the use of the property"].)

Given the plain meaning of the language, and "consider[ing] . . . the matter to which it relates" (*Windsor Pacific, supra*, 213 Cal.App.4th at p. 274), namely the waivable right to partition, we conclude that the intent of the language concerning partition in paragraph 11.1 was to prevent an implied waiver of the parties' existing right to partition, not to bring that right within the terms of the agreement and its attorney fee clause. Indeed, it would be anomalous to hold that by expressly shielding an existing right from a particular contractual provision a party impliedly intended to subject that right to all other provisions of the contract. The more reasonable interpretation is that the parties wished to preserve their right to partition free and clear of the agreement. The right to partition therefore was not a

7

"provision" within the contract that plaintiff "enforce[ed]," as required to invoke the attorney fee clause.[5]

Plaintiff argues that she is entitled to recover attorney fees so long as her partition action "involved a contract," regardless of whether her claim was contractual in nature. (Boldface omitted.) In support, she cites *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC* (2008) 162 Cal.App.4th 858 (*Blickman*), which states that " '. . . California courts liberally construe the term " ' "on a contract" ' " as used within [Civil Code] section 1717. [Citation.] As long as the action "involve[s]" a contract it is " 'on [the] contract' " within the meaning of section 1717.' " (*Id.* at p. 894.)

*Blickman* addressed whether a cross-complaint asserting tort claims[6] could be an action " 'on a contract' " within the meaning of Civil Code section 1717. (*Blickman, supra*, 162 Cal.App.4th at p. 894.) The cross-complaint was filed by a lessor, Mozart, against Blickman Turkus, LP (BTC), the real estate agent for a lessee, alleging that BTC had failed to disclose material information about the lessee's financial condition. (*Id.* at pp. 865, 867.) BTC was not a party to the agreement containing the attorney fee provision, which was between Mozart and its own real estate agent. (*Id.* at pp. 865, 867, 894.) BTC

---

[5] Defendants also argue that the statute governing attorney fees in partition actions, Code of Civil Procedure section 874.010, should prevail over Civil Code section 1717. Given our holding, we need not decide this question.

[6] The cross-complaint asserted causes of action for concealment, breach of fiduciary duty, negligence, and negligent supervision. (See *Blickman, supra*, 162 Cal.App.4th at pp. 868, 884, 889, 892.)

successfully demurred to the cross-complaint and did not seek attorney fees. (*Id.* at p. 866.) On appeal, however, for reasons both complicated and irrelevant to this appeal, the parties agreed that determination of whether the cross-complaint was "on a contract" was necessary to decide whether Mozart was entitled to fees for prevailing against BTC's complaint, in which BTC claimed to be a third party beneficiary of the agreement between Mozart and its agent. (See *id.* at pp. 865-866, 892-894.)

The Court of Appeal found the action was "on a contract." (*Blickman, supra*, 162 Cal.App.4th at p. 895.) The court noted that the cross-complaint referred to the agreement between Mozart and its agent 14 times, attached a copy of the agreement, and incorporated it by reference. (*Ibid.*) The cross-complaint "relie[d] heavily on the language of the agreement" as well as BTC's own claims under the agreement to establish certain agency relationships, including between Mozart and BTC. (*Ibid.*) Finally, the cross-complaint sought attorney fees, "an item of relief for which no colorable basis other than the commission agreement appears." (*Ibid.*)

Plaintiff, analogizing to *Blickman*, asserts her claim "involved" the settlement agreement because that agreement was referenced in and attached to her complaint, and plaintiff relied on the agreement "to establish [her] right to partition." This argument is unpersuasive. As discussed, the agreement does not "establish" a right to partition, but merely shields the existing statutory right from waiver. Thus, regardless of the agreement's inclusion in the complaint, plaintiff did not and could not rely on that agreement to establish her right to partition under these circumstances—her right instead arose under the law, and the

9

agreement was irrelevant to her claim.[7] *Blickman*, in which the cross-complaint referred to and relied on the relevant agreement to establish certain necessary facts, is therefore distinguishable.

We acknowledge that attorney fee provisions, if drafted broadly, can encompass noncontractual claims. (See *Santisas v. Goodin* (1998) 17 Cal.4th 599, 608 (*Santisas*).) Courts have found provisions sufficiently broad to reach noncontractual claims when they apply to actions "arising out of" or "relating to" a contract or its subject matter, or to "any dispute under" an agreement. (*Id.* at p. 607; *Allstate Ins. Co. v. Loo* (1996) 46 Cal.App.4th 1794, 1799; *Thompson v. Miller* (2003) 112 Cal.App.4th 327, 336-337.) In contrast, when an attorney fee provision is limited to actions "to enforce the terms [of the agreement] or declare rights hereunder," courts have found this language too narrow to encompass noncontractual claims. (*Exxess Electronixx v. Heger Realty Corp.* (1998) 64 Cal.App.4th 698, 702-703, 709-711 (*Exxess*); see *Gil v. Mansano* (2004) 121 Cal.App.4th 739, 745 (*Gil*) [tort claim not "action to enforce" an agreement such to bring it within attorney fee provision].)[8]

---

[7] The circumstances would be different had defendants themselves invoked the settlement agreement and claimed plaintiff had waived her right to partition by executing it; in that case, plaintiff *could* rely on paragraph 11.1 to counter this argument, and likely would be in a stronger position to seek attorney fees were she to prevail.

[8] We recognize that the fee provision in *Blickman* was narrow, limited to " 'any litigation between the parties hereto to enforce any provision of this Agreement' " (*Blickman, supra*, 162 Cal.App.4th at p. 893), yet the court found the cross-complainant's tort claims to be "on a contract" for purposes of Civil Code section 1717. (*Blickman*, at p. 895.) But *Blickman*

The language at issue here provides for fees "[s]hould any party hereto retain counsel for the purpose of enforcing or preventing the breach of any provision herein, including but not limited to instituting an action for a declaration of such party's rights or obligations hereunder, or for any other judicial remedy . . . ." This is similar to the narrow language in *Exxess*, and by its terms is limited to actions seeking to "enforc[e] or prevent[] the breach" of the agreement. Because a partition action accomplishes neither of these things, the attorney fee provision cannot be interpreted to extend to it.[9]

---

never discussed whether the fees provision was sufficiently broad to encompass noncontractual claims, perhaps because the parties did not raise the issue. Thus *Blickman* does not support the proposition that the attorney fees provision at issue here encompasses a noncontractual partition action, especially in light of authority expressly holding the contrary. (See *Exxess, supra*, 64 Cal.App.4th at pp. 702-703; *Gil, supra*, 121 Cal.App.4th at p. 745.)

[9]    To the extent plaintiff is suggesting that the clause "or for any other judicial remedy" encompasses noncontractual actions, we reject this argument. This clause modifies the phrase "instituting an action," that is, a party may recover fees for instituting an action either for "a declaration of such party's rights or obligations hereunder" or "for any other judicial remedy." "[I]nstituting an action" is itself presented as an example of "enforcing or preventing the breach of any provision herein"—thus, the "action" contemplated is a contractual one, and "any other judicial remedy" would be limited to remedies available in contractual actions.

11

## 2. Entitlement to attorney fees under Code of Civil Procedure sections 874.010 and 874.040

Defendants contest the trial court's finding that the attorney fees incurred by plaintiff were for the common benefit and therefore, in the absence of an applicable attorney fee agreement, allocable among the parties. In the alternative, defendants argue that if allocation is warranted, the allocation should include not only plaintiff's fees but defendants' as well, with the plaintiff and each defendant paying one-third of all attorney fees. We address these issues to assist the trial court on remand. We disagree that fees incurred by plaintiffs in contested proceedings cannot be for the common benefit, but agree that reasonable fees incurred for the common benefit by defendants to a partition action may also be allocated among the parties. The trial court may decide in the first instance whether and how to allocate fees.

Code of Civil Procedure section 874.040[10] provides that "the court shall apportion the costs of partition among the parties in proportion to their interests or make such other apportionment as may be equitable." These costs include "[r]easonable attorney's fees incurred or paid by a party for the common benefit." (§ 874.010, subd. (a).) We review the trial court's orders regarding attorney fees for abuse of discretion, and its "decision will only be disturbed when there is no substantial evidence to support the trial court's findings or when there has been a miscarriage of justice." (*Finney v. Gomez* (2003) 111 Cal.App.4th 527, 545 (*Finney*).)

---

[10] All further statutory references are to the Code of Civil Procedure.

12

Defendants argue that plaintiff's partition action was not for the common benefit because defendants did not want to partition the properties, but to keep them "for their long term income and appreciation." Defendants claim that "[t]hese goals were eviscerated by the forced partition and liquidation, exposing them to immediate adverse tax consequences and the inability to afford comparable replacement properties." They assert that cases from other jurisdictions "have denied attorney's fees under the common benefit doctrine where the partition action was adversarial."

We reject this argument. Our Supreme Court has spoken on this issue directly, holding that under former section 796, the predecessor to the current partition cost statute, "counsel fees may be allowed . . . for services rendered for the common benefit even in contested partition suits." (*Capuccio v. Caire* (1932) 215 Cal. 518, 528-529 (*Capuccio*).) In *Capuccio*, a defendant argued "that the services performed by plaintiff's counsel in connection with the many controverted issues presented by the partition litigation" were not " 'for the common benefit.' " (*Id.* at p. 528.) The Supreme Court rejected this, explaining that " 'the more just and equitable rule to be applied . . . would require a proper division of the expenditures entailed in the maintenance of such actions for the common benefit among those who shall have been found to be entitled to their respective shares and interests in said property by the ultimate judgment of the court, regardless of whether or not there had arisen and been litigated controversies . . . .' " (*Ibid.*, italics omitted, quoting *Capuccio v. Caire* (1929) 207 Cal. 200, 208.)

The Supreme Court has also made clear that under former section 796 fees incurred by a *defendant* to a partition action

13

could be for the common benefit, and therefore allocable in part to the plaintiff, despite the fact that the defendant had "resisted partition, with the claim that plaintiff had no interest in the subject property, that it belonged to defendant alone, and that plaintiff was a mere volunteer in paying the delinquent taxes." (*Riley v. Turpin* (1960) 53 Cal.2d 598, 601-603 (*Riley*). This principle has been applied under the current statute as well. (See *Forrest v. Elam* (1979) 88 Cal.App.3d 164, 174 (*Forrest*) [proper to allocate portion of defendants' fees to plaintiff under § 874.010 when defendants' counsel "performed services for the common benefit" by contesting plaintiff's claim to interest to which he was not entitled].) Again, the fact that the action was contested was no bar to the proportional allocation of attorney fees; as *Forrest* demonstrates, even fees incurred resolving contested issues can be for the common benefit.

Although former section 796 has been repealed, its language concerning "common benefit" is not materially different from the current sections 874.010 and 874.040. Former section 796 stated in relevant part, "The costs of partition, including reasonable counsel fees, expended . . . for the common benefit, . . . must be paid by the parties respectively entitled to share in the lands divided, in proportion to their respective interests therein . . . ." The current statutory sections, which do not change or further define "common benefit," provide no basis to disregard the clear precedent of *Capuccio* and *Riley*.[11] Moreover,

---

[11] Defendants note that former section 796, unlike the current section 874.040, does not contain language allowing equitable apportionment that differs from allocation in proportion to each party's interest in the property. This is true—former section 796 contains only a limited exception to the rule of proportional

14

cases interpreting those sections continue to permit the allocation of attorney fees in contested partition actions. (See, e.g., *Forrest, supra*, 88 Cal.App.3d at p. 174.)

From these authorities it is evident that the "common benefit" in a partition action is the proper distribution of the " 'respective shares and interests in said property by the ultimate judgment of the court.' " (*Capuccio, supra*, 215 Cal. at p. 528.) This sometimes will require that " 'controversies' " be " 'litigated' " to correctly determine those shares and interests (*ibid.*), but this ultimately can be for the common benefit as well. The fact that a party resists the partition does not change this. (See *Randell v. Randell* (1935) 4 Cal.2d 575, 582 ["The presence and litigation of controversial issues between all the parties does not preclude the allowance of attorney's fees for services connected with such issues where such services are found to be for the common benefit of the parties."]; *Forrest, supra*, 88 Cal.App.3d at p. 174 [defendant's resistance to plaintiff's unmeritorious claim was for the common benefit].)

We note that while the presence of contested issues does not bar the allocation of fees in partition actions, defendants are nonetheless protected from plaintiffs who bring unfounded claims or otherwise drive up costs unnecessarily, just as plaintiffs are

---

allocation, stating that when " 'litigation arises between some of the parties only, the court may require the expense of such litigation to be paid by the parties thereto, or any of them.' " (See *Lin v. Jeng* (2012) 203 Cal.App.4th 1008, 1024-1025 (*Lin*); *id.* at p. 1023 [contrasting § 874.040's "general equitable exception" with former section 796's "single exception to an otherwise mandatory rule"].) But defendants do not explain why this distinction makes *Capuccio* and *Riley* inapplicable to the case here.

protected from unscrupulous defendants. Sections 874.010 and 874.040 provide numerous avenues for trial courts to adjust the allocation of costs if, for example, fees are incurred for purposes that unduly exacerbate the dispute or do not provide a common benefit to all parties. For instance, under section 874.010 a court may find that fees incurred "advocat[ing] a position of limited merit" are not for the common benefit and should be borne by the party "pressing" such "spurious matters." (*Forrest, supra*, 88 Cal.App.3d at p. 174; *id.* at p. 173 [proper to reduce fees to plaintiff who presented "a time consuming and meritless contention that he should receive some amount greater than that to which he [was] legally entitled"].) Or, a court may achieve a similar result through an exercise of its equitable discretion under section 874.040 and require a party to bear its own fees. (See *Lin, supra*, 203 Cal.App.4th at pp. 1025-1026 [equitable for plaintiff in partition action to bear her own attorney fees when she sought to prevent her siblings from obtaining interests to which they were entitled, herself claimed an interest to which she "was well aware that she was not entitled," and created unnecessary procedural hurdles].)[12] A court also can adjust the allocation of fees incurred by a party to the extent they are not

---

[12] In so holding, *Lin* disagreed with *Finney*. *Finney* relied on the Law Revision Commission comments to section 874.040 to conclude that a court's power to apportion costs equitably was limited, as in the former section 796, to cases in which the litigation arose only among some of the parties to a partition action. (*Finney, supra*, 111 Cal.App.4th at pp. 545-546.) *Lin* rejected this reasoning as having " 'exalted the Comments over the statutory language," which clearly omits the limited exception from former section 796. (*Lin, supra*, 203 Cal.App.4th at p. 1025.)

16

"reasonable" as required by section 874.010, subdivision (a).  (Cf. *Finney, supra*, 111 Cal.App.4th at p. 550 [reversing fee award in partition action when trial court made no determination of reasonableness].)

On remand, the trial court may exercise its discretion in allocating fees, including setting the fee amounts and determining the appropriate allocation.  As in *Riley* and *Forrest*, in making these determinations the court should consider the fees incurred by defendants as well as plaintiff, and allocate them appropriately to the extent they are reasonable and incurred for the common benefit.

## DISPOSITION

We reverse the order granting attorney fees and remand for further proceedings consistent with this opinion.  The parties shall bear their own costs on appeal.

FLIER, J.

WE CONCUR:


RUBIN, Acting P. J.


GRIMES, J.


17