Filed 12/8/20  Tolley v. Kobzoff CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| LORI TOLLEY, Plaintiff and Respondent, v. FRED KOBZOFF et al., Defendants and Appellants. | F078021 (Super. Ct. No. MCV076134) **OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Madera County.  Michael J. Jurkovich, Judge.

Pascuzzi, Pascuzzi & Stoker and William E. McComas for Defendants and Appellants.

Law Offices of Lisa R. McCall and Lisa R. McCall for Plaintiff and Respondent.

-ooOoo-

This appeal is taken from an interlocutory judgment for the partition of real property.  The issue is whether the trial court erred by ordering one party to bear the

_____

[*]Before Detjen, Acting P.J., Peña, J., and Snauffer, J.

"costs of partition" within the meaning of Code of Civil Procedure section 874.010.[1]  The apportionment of such costs is a discretionary ruling.  Perceiving no abuse of discretion, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In September 2017, respondent Lori Tolley filed a partition action under section 872.010 et seq. against her siblings, Bonnie Kobzoff and Fred Kobzoff (appellants).  She pleaded causes of action for the partition of real and personal property, and for an accounting.  In December 2017, defaults were entered against both appellants.

A default "admits, so far as such defaulting defendant is concerned, the absolute verity of all the allegations of the complaint."  (*City of Los Angeles v. Los Angeles Farming & Milling Co*. (1907) 150 Cal. 647, 649; accord, *Sporn v. Home Depot USA, Inc*. (2005) 126 Cal.App.4th 1294, 1303 ["The default admits the allegations of the complaint"].)  As such, our factual summary is derived from the complaint.

Tolley and appellants are the adult children of Alex Kobzoff, who died in August 2003.  The decedent's assets were distributed pursuant to the rules of intestate succession.  In late 2005, appellant Fred Kobzoff (Kobzoff), in his capacity as administrator of the estate, deeded title to certain real property located in Chowchilla (the property) to himself and his siblings as tenants in common.  At all times relevant herein, Tolley and appellants each owned an undivided one-third interest in the property.

The parties agreed Kobzoff would be responsible for managing the property and getting it sold "as soon as practically possible."  In 2006, Kobzoff rejected a purchase offer of approximately $300,000.  Tolley did not learn of the offer until after Kobzoff had rejected it.

An entire decade passed, during which time Kobzoff neither sold the property nor communicated with Tolley regarding his management of the property.  Tolley initiated

---

[1]All undesignated statutory references are to the Code of Civil Procedure.

this lawsuit after discovering that the house on the property was destroyed by a fire in 2016. Kobzoff had failed to maintain the necessary insurance, so the value of the home was lost.

On June 15, 2018, the trial court held a prove-up hearing on Tolley's three causes of action. Tolley and her counsel made factual representations consistent with those alleged in the complaint. According to Tolley, "[n]umerous offers for sale of the property were received over the course of time, but [Kobzoff] refused to even consider all of the offers, and when questioned about it, said he didn't care what his sisters wanted to do—he wanted to hold on to the property." Tolley "entreated her brother on numerous occasions to consider these other offers," but he refused to do so.

The filing of Tolley's lawsuit allegedly had the causal effect of getting Kobzoff to finally honor his prior commitment to selling the property. At the time of the hearing, the parties had mutually agreed to accept a purchase offer and the property was in escrow. Having incurred legal expenses to achieve that result, Tolley asked to be awarded the costs of partition, including attorney fees, as prayed for in the complaint.

Based on the trial court's tentative ruling to award Tolley the costs of partition and impose those costs against Kobzoff, Tolley dismissed her claims for the partition of personal property and for an accounting. The trial court adopted its tentative ruling. On June 18, 2018, the trial court entered an interlocutory judgment ordering "that the property be sold and the proceeds divided among the parties according to their respective [one-third] interests," subject to a costs award in favor of Tolley. The costs of suit and costs of partition, "including the cost of a policy of title insurance, if any, and reasonable attorneys' fees," were ordered to be deducted from Kobzoff's share of the sale proceeds.

On July 3, 2018, appellants were served with a notice of entry of the interlocutory judgment. Although not confirmed by the record, appellants allege in their briefing that the property was sold on August 1, 2018. The notice of appeal was filed on August 23, 2018.

3.

## DISCUSSION

### 1.    Legal Overview

"A co-owner of real or personal property may bring an action for partition. [Citation.]  'The primary purpose of a partition suit is … to partition the property, that is, to sever the unity of possession.'"  (*LEG Investments v. Boxler* (2010) 183 Cal.App.4th 484, 493.)  "If the court finds that the plaintiff is entitled to partition, it shall make an interlocutory judgment that determines the interests of the parties in the property and orders the partition of the property and, unless it is to be later determined, the manner of partition."  (§ 872.720, subd. (a).)

"In lieu of dividing the property among the parties, the court shall order the property be sold and the proceeds divided among the parties in accordance with their interests in the property if the parties agree to such relief or the court determines sale and division of the proceeds would be more equitable than a division of the property."  (*LEG Investments v. Boxler*, *supra*, 183 Cal.App.4th at p. 493, citing § 872.820.)  Appellants do not dispute the part of the interlocutory judgment ordering sale of the property and division of the proceeds.  They claim the trial court erred by ordering Kobzoff to pay the costs of partition instead of apportioning the burden of those costs equally among the three siblings.

As defined in section 874.010, the "costs of partition" include "[r]easonable attorney's fees incurred or paid by a party for the common benefit" (*id.*, subd. (a)), "[t]he reasonable costs of a title report procured pursuant to Section 872.220" (*id.*, subd. (d)), and "[o]ther disbursements or expenses determined by the court to have been incurred or paid for the common benefit" (*id.*, subd. (e)).  "[T]he 'common benefit' in a partition action is the proper distribution of the '"respective shares and interests in said property by the ultimate judgment of the court."'"  (*Orien v. Lutz* (2017) 16 Cal.App.5th 957, 967.)  Pursuant to section 874.040, a trial court "shall apportion the costs of partition among the

4.

parties in proportion to their interests *or make such other apportionment as may be equitable*." (Italics added.)

"The standard of review for an interlocutory judgment of partition is abuse of discretion." (*Cummings v. Dessel* (2017) 13 Cal.App.5th 589, 597.)

## 2. Appealability

An interlocutory ruling leaves some issues open for future determination. (See *Summers v. Superior Court* (2018) 24 Cal.App.5th 138, 141.) Most interlocutory decisions are not appealable. (*In re Baycol Cases I & II* (2011) 51 Cal.4th 751, 754.) However, under section 904.1, an appeal may be taken from "an interlocutory judgment in an action for partition determining the rights and interests of the respective parties and directing partition to be made." (*Id.*, subd. (a)(9).)

Tolley acknowledges the relevant provision of section 904.1, but she contends "the interlocutory attorney's fees and costs order is not appealable, as it reserves for future determination the amount of reasonable attorney's fees and costs to be awarded and is thus not a final judgment." We are not persuaded. Appellants are not challenging the amount of the costs of partition, which has yet to be determined, but rather the trial court's apportionment of those costs.

"An interlocutory decree in an action for the partition of real property, although preliminary to the final judgment of confirmation, is conclusive as to the matters determined therein [citations]; that is, it is final upon the questions adjudicated in it and is to all intents and purposes a final judgment from which an appeal may be taken …." (*Pista v. Resetar* (1928) 205 Cal. 197, 199; accord, *Holt v. Holt* (1901) 131 Cal. 610, 611 [an interlocutory decree of partition is considered final "as to all questions determined in it"].) Because the challenged order is part of the interlocutory judgment, we conclude Tolley's entitlement to the costs of partition is an appealable issue.

5.

**3. Appellants Received Notice of the Potential Costs Award**

Appellants concede they "willingly allowed their respective defaults to be taken," but allege they would have "fought against [Tolley's] claims" had they known Kobzoff might be held liable for the costs of partition. Kobzoff specifically complains of being ordered to pay "all costs, all real estate related fees, and all attorney fees." We note the phrase "real estate related fees" does not appear anywhere in the record. The interlocutory judgment says Tolley "shall recover from defendant Fred Kobzoff costs of suit herein incurred, costs of partition, including the cost of a policy of title insurance, if any, and reasonable attorneys' fees, all pursuant to a cost bill to be submitted by [Tolley]."

In her complaint, Tolley alleged she had incurred and would further incur "costs of partition, including but not limited to reasonable attorney's fees, for the common benefit of the parties," and that she was "entitled to payment of or reimbursement of such costs, including attorney's fees, pursuant to … Section 874.010, and any related law." Tolley also cited and quoted section 872.140: "The court may, in all cases, order allowance, accounting, contribution, or other compensatory adjustment among the parties according to the principles of equity." In the prayer for relief, Tolley requested that proceeds from the sale of the property be distributed "taking into account any and all compensatory adjustments pursuant to … Section 872.140 and related law." She also prayed for an award of "the costs of partition, and of this action, including reasonable attorney's fees incurred by [her] for the common benefit, and any other costs of partition, … [pursuant to] Section 874.010, and any related law."

All costs awarded in the interlocutory judgment were explicitly prayed for in the complaint except "the cost of a policy of title insurance, if any." However, Tolley cited section 874.010 in conjunction with her prayer for the "costs of partition," and the statute provides such costs may include the "reasonable costs of a title report." (*Id*., subd. (d).) Under the statutory scheme, a "title report" is defined to include "a preliminary report,

guarantee, binder, or policy of title insurance." (§ 872.010, subd. (e).) Therefore, appellants were given notice of their potential liability for all costs ultimately awarded in the interlocutory judgment. Appellants' failure to appreciate the significance of what was pleaded is not a ground for reversal. (See *Arthur Andersen v. Superior Court* (1998) 67 Cal.App.4th 1481, 1506 ["It was established long ago that ignorance of the law does not excuse one from the consequences of the law"].)

In a related claim, appellants argue the interlocutory judgment is void under section 580. The argument is difficult to follow, but appellants appear to contend Tolley was required to pray for a specific amount of costs, including attorney fees, in her complaint. Case law holds otherwise.

A complaint must contain "[a] demand for judgment for the relief to which the pleader claims to be entitled." (§ 425.10, subd. (a)(2).) Section 580, which applies to default judgments, provides in relevant part: "The relief granted to the plaintiff, if there is no answer, cannot exceed that demanded in the complaint …." (*Id.*, subd. (a).) However, "'relief,' as used in section 580, means 'damages,'" which do not include costs or attorney fees. (*Simke*, *Chodos*, *Silberfeld & Anteau*, *Inc. v. Athans* (2011) 195 Cal.App.4th 1275, 1288.) For purposes of section 580, "the operative complaint must allege the amount of 'relief' sought for *damages*, but not prejudgment interest, attorney fees, or costs." (*Sass v. Cohen* (2019) 32 Cal.App.5th 1032, 1040, review granted on a separate issue, May 22, 2019, S255262.) Therefore, appellants' reliance on section 580 is misplaced.

### 4.     The Costs Award Is Statutorily Authorized

As previously stated, section 874.040 authorizes a trial court to "apportion the costs of partition among the parties in proportion to their interests or make such other apportionment as may be equitable." Section 874.040 was enacted in 1976 and replaced a predecessor statute, former section 796. (*Lin v. Jeng* (2012) 203 Cal.App.4th 1008,

1023 (*Lin*).) "There is a key difference, however, between section 874.040 and former section 796. Former section 796 did not include a general equitable exception to the rule that costs in a partition action must be apportioned among the parties in proportion to their interests in the property. Instead, it set forth a single exception to an otherwise mandatory rule." (*Ibid.*) The exception under former section 796 applied only when litigation arose between some, but not all, of the owners of the partitioned property. (*Lin*, at pp. 1023–1024.)

In *Finney v. Gomez* (2003) 111 Cal.App.4th 527 (*Finney*), Division Seven of the Second Appellate District held that a trial court's discretion under section 874.040 is limited to situations where "'litigation for the common benefit arises among only some of the parties, or where the interest of the parties in all items, lots, or parcels of property are not identical.'" (*Finney*, at p. 546, italics omitted.) This conclusion was based on the California Law Revision Commission comments to section 874.040. (*Finney*, at pp. 545–546 & fn. 88.) In *Lin*, Division Four of the Second Appellate District concluded *Finney*'s analysis was flawed because (1) comments of the Law Revision Commission are not controlling and (2) the plain language of section 874.040 does not state or imply such limitations. (*Lin*, *supra*, 203 Cal.App.4th at pp. 1024–1025.)

Appellants attempt to factually distinguish *Lin*, but they do not claim *Lin* was wrongly decided. We agree with the holding of *Lin*, i.e., that section 874.040's "broad language does not limit the trial court's equitable discretion" to disproportionately allocate the costs of partition. (*Lin*, *supra*, 203 Cal.App.4th at p. 1025; see *Orien v. Lutz*, *supra*, 16 Cal.App.5th at p. 968 & fn. 12 [noting the conflict between *Finney* and *Lin*, and impliedly following *Lin*].) The trial court below had discretion to apportion the costs of partition to a single party based on equitable considerations.

**5.** **The Trial Court Did Not Abuse Its Discretion**

"When a trial court makes a ruling based upon equitable considerations, the abuse of discretion standard applies on review of that ruling. [Citation.] In other words, the ruling must stand unless [appellants] establish that the trial court exceeded the bounds of reason, resulting in a miscarriage of justice." (*Lin*, *supra*, Cal.App.4th at p. 1025; see *Haraguchi v. Superior Court* (2008) 43 Cal.4th 706, 712 [a trial court's "application of the law to the facts is reversible only if arbitrary and capricious"].) The ruling is presumed correct, and it is appellants' burden to affirmatively demonstrate error with legal analysis and citations to evidence in the record supporting any factual assertions. (*Equilon Enterprises LLC v. Board of Equalization* (2010) 189 Cal.App.4th 865, 881; *Bullock v. Philip Morris USA, Inc.* (2008) 159 Cal.App.4th 655, 685.)

The admitted allegations of the complaint, as well as the testimony before the trial court, established that Kobzoff agreed to sell the property in 2006. This fact is conceded in appellants' briefing. Kobzoff later refused to honor the agreement. After approximately 11 years of resistance, and apparently in response to Tolley's filing of this lawsuit, Kobzoff finally cooperated in getting the property sold. Those circumstances permitted the trial court to reasonably infer Tolley would not have incurred the costs of partition but for Kobzoff's obstructive behavior. The additional evidence of Kobzoff's mismanagement of the property shows the trial court's ruling was neither arbitrary nor outside the bounds of reason.

**6.** **Appellants' Request for Alternative Relief Is Denied**

Appellants alternatively seek permission "to make a special appearance in [the trial court] to argue … why partition costs and fees should be equally recognized from the parties' respective 1/3 share of the proceeds from the sale of the [p]roperty." No authority is cited in support of this request. Once a default is entered, the defaulting party no longer has a right to appear in the action other than to move to set aside the default or

9.

to appeal the judgment.  (*Devlin v. Kearny Mesa AMC/Jeep/Renault*, *Inc*. (1984) 155 Cal.App.3d 381, 385–386.)  Therefore, the request for alternative relief is denied.

## DISPOSITION

The interlocutory judgment is affirmed.  Respondent shall recover her costs on appeal.