Filed 11/8/22 Hernandez v. Luna CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| ROSIE HERNANDEZ, | |
| Plaintiff and Respondent, | E077393 |
| v. | (Super.Ct.No. RIC1717405) |
| DOMINIC LUNA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County. Randall D. White, Judge. (Retired Judge of the Riverside Sup. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.). Affirmed.

Law Offices of Raul B. Garcia, and Raul B. Garcia for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

1

Dominic Luna appeals from the trial court's order awarding attorney fees to plaintiff, Rosie Hernandez. We affirm.

BACKGROUND

In September 2017, Hernandez brought this action against Luna to partition real property that they co-owned as joint tenants. In December 2018, the parties stipulated to sell the subject property. After a bench trial in May 2019, the court entered a judgment dividing the proceeds of the sale equally between the parties. The court rejected Luna's argument that he was entitled to a greater share of the sale proceeds.

Hernandez moved for attorney fees, and the court granted the motion in part. The court awarded her reasonable attorney fees incurred from the commencement of the action to December 2018, when Luna stipulated to sell the property. The court ordered Hernandez to submit an accounting of her fees for that period, and it scheduled another hearing on the matter in several months. Hernandez's accounting showed that she incurred $32,975 in attorney fees during the relevant period.

Before the next hearing, Luna filed a notice of appeal from the judgment. The trial court determined that the pending appeal stayed the proceedings, so it did not rule on the specific amount of attorney fees to which Hernandez was entitled. It took the hearing off calendar.

In February 2021, we affirmed the judgment. On remand, Hernandez again moved for attorney fees. She based her motion on the partition statutes authorizing the recovery of attorney fees in partition actions, as well as Code of Civil Procedure sections

2

1032 and 1033.5. (Unlabeled statutory citations refer to the Code of Civil Procedure.) She sought $32,975 in fees for September 2017 to December 2018, plus $21,373.50 in fees after December 2018 through trial, $42,250 in fees for the appeal, and $1,690 for the attorney fees motion.

The court granted Hernandez's motion and awarded her most but not all of the attorney fees that she sought. Specifically, it awarded her all of her fees from September 2017 to December 2018, all of her fees on appeal, and all of her fees for the motion. But for the period after December 2018 through trial, the court awarded her only 50 percent of her attorney fees. The court determined that those fees should be apportioned according to the parties' interests in the property, which were 50 percent each.

DISCUSSION

Section 874.040 controls the award of costs in a partition action. Under that section, "the court shall apportion the costs of partition among the parties in proportion to their interests" in the subject property "or make such other apportionment as may be equitable." (§ 874.040.) Under section 874.010, costs of partition include "[r]easonable attorney's fees incurred or paid by a party for the common benefit." (§ 874.010, subd. (a).)

"[T]he 'common benefit' in a partition action is the proper distribution of the "'respective shares and interests in [the] property by the ultimate judgment of the court.'" [Citation.] This sometimes will require that "'controversies'" be "'litigated'" to correctly determine those shares and interests [citation], but this ultimately can be for the common

3

benefit as well." (*Orien v. Lutz* (2017) 16 Cal.App.5th 957, 967 (*Orien*).) Section 874.040 gives the trial court the equitable power "to adjust the allocation of costs if, for example, fees are incurred for purposes that unduly exacerbate the dispute . . . ." (*Orien*, *supra*, at p. 968.)

We review the trial court's attorney fee order for abuse of discretion. (*Orien*, *supra*, 16 Cal.App.5th at p. 966.) "[T]he ruling must stand unless . . . the trial court exceeded the bounds of reason, resulting in a miscarriage of justice." (*Lin v. Jeng* (2012) 203 Cal.App.4th 1008, 1025.) The appellant bears the burden of showing that the court's fee award constituted an abuse of discretion. (*Gonzalez v. Santa Clara County Dept. of Social Services* (2017) 9 Cal.App.5th 162, 169.)

Luna has not carried his burden here. First, he contends that Hernandez's argument for recovery of fees was "misplaced." (Boldface omitted.) He claims that she argued that she was entitled to attorney fees as the prevailing party under section 1032, subdivision (b). Luna contends that section 874.040 governed the issue, regardless of whether Hernandez was the prevailing party. It is true that Hernandez relied on section 1032, but she also relied extensively on section 874.040 and argued that it was equitable to make Luna responsible for all of her fees under that section. Moreover, the court cited section 874.040 in the attorney fee order, and it expressly concluded that its fee award represented an "equitable apportionment." Thus, even if Hernandez erroneously relied in part on section 1032, the record shows that the court correctly relied on section 874.040.

4

Second, Luna argues that the court did not explain the equitable principles on which it relied to award Hernandez her attorney fees. On that basis, he argues that we "can" remand the matter—not that we should or must remand it—for him to offer evidence showing that he paid most of the mortgage, utilities, taxes, and other expenses for the subject property. But he provides no authority demonstrating that the court prejudicially erred by failing to explain its decision in detail. Moreover, he does not explain why the evidence that he proposes to offer would show that the court prejudicially erred. And he fails to address Hernandez's arguments that it was equitable to make him liable for her fees. The record does not even include the briefing related to Hernandez's first motion for attorney fees, in which she persuaded the court that he should be liable for her fees from September 2017 to December 2018. Luna must provide reasoned argument supported by citations to authority (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956 (*Cahill*)) and "an adequate record to assess error" (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295). His unsupported arguments and the incomplete record are insufficient to show that the court prejudicially abused its discretion.

Third, Luna contends that the court should have ordered each party to bear their own fees or, alternatively, limited its fee award to the period from September 2017 to December 2018. Both contentions are bare statements unsupported by any reasoned argument or authority, so they fail for the reasons already discussed. (*Cahill*, *supra*, 194

5

Cal.App.4th at p. 956 ["'The absence of cogent legal argument or citation to authority allows this court to treat the contention as waived'"].)

Finally, Luna argues that the court erred by awarding fees for the appeal, because Hernandez relied on distinguishable case law (*Neal v. Superior Court* (2001) 90 Cal.App.4th 22 )), and she purportedly provided no other authority for awarding appellate fees. Even if *Neal* is distinguishable, Luna is incorrect—Hernandez cited other authorities for awarding appellate fees. (*Lunada Biomedical v. Nunez* (2014) 230 Cal.App.4th 459, 489; *Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.* (2012) 211 Cal.App.4th 230, 250.) Those cases and others stand for the well-established principle that "statutes authorizing attorney fee awards in lower tribunals include attorney fees incurred on appeal[] . . . ." (*Morcos v. Board of Retirement* (1990) 51 Cal.3d 924, 927; *Conservatorship of McQueen* (2014) 59 Cal.4th 602, 605 ["Where a statute provides for attorney fees, they are generally available both at trial and on appeal"].) Sections 874.010 and 874.040 fall under that general principle—they authorize an award of attorney fees in partition actions, and they do not expressly preclude an award of appellate fees. Luna therefore fails to show that the court erred by awarding appellate fees.

For all of these reasons, Luna has not carried his burden of showing that the court's attorney fee order constituted an abuse of discretion.

## DISPOSITION

The attorney fee order is affirmed.  Hernandez shall recover her costs of appeal, if any.  (Cal. Rules of Court, rule 8.278(a)(1).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.


We concur:

MILLER
Acting P. J.
CODRINGTON
J.

7