Filed 5/18/23  Nielson v. Courtney CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| BRETT A. NIELSON,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>SHANNON J. COURTNEY,<br><br>    Defendant and Respondent. | 2d Civil No. B324058<br>(Super. Ct. No. 56-2020-00547663-CU-OR-VTA)<br>(Ventura County) |

Brett A. Nielson appeals from the judgment after the trial court ordered the partition sale of a Newbury Park property he co-owned with Shannon J. Courtney.  The court also awarded Nielson and Courtney attorney fees and costs, to be paid from the proceeds of the property sale.  Nielson contends the court erred when it: (1) declined to apportion his fees entirely to Courtney, and (2) granted Courtney's fee request.  We affirm.

FACTUAL AND PROCEDURAL HISTORY

Nielson and Courtney were a couple for nearly 16 years.  They owned property and raised a child together.  Eventually, their relationship deteriorated to the point that Nielson requested an order forcing the partition sale of the Newbury Park

home he and Courtney owned. He moved for summary judgment on his request the following year. The trial court granted Nielson's motion, and entered an interlocutory judgment of partition. It reserved ruling on any claims for the recovery and apportionment of attorney fees and costs.

Nielson and Courtney both moved for attorney fees awards. In his motion, Nielson claimed he filed the partition action for the "common benefit" because proceeds from the sale would be split equally between him and Courtney. He asked the trial court to apportion the $22,000 in fees he sought entirely to her, claiming she "caused the[] costs to be incurred by . . . refus[ing] to cooperate in the sale of the property." He also urged the court to deny any recovery sought by Courtney because, in his view, her actions in the case only served to delay the property sale and thus were not for the common benefit.

Courtney had a different view. She claimed the actions she took in the partition action were not dilatory but were instead required because of the "deftly calculated . . . ambiguity" of Nielson's pleadings and his attorney's refusal to engage with hers. She requested that the trial court deny Nielson's fee request and instead order him to pay the entirety of the nearly $35,000 in fees she claimed to have incurred.

The trial court viewed Nielson and Courtney's attorney fee dispute a consequence of their "toxic relationship," one akin to "two scorpions in a bottle." Both parties alleged they were "content to conclude their relationship with [the] sale of the [Newbury Park] property" and a "50/50 split of the proceeds," but at the same time claimed the other's "unreasonable demands" prevented early resolution of the case. It was also "impossible" to determine which of the parties' attorneys refused to engage with the other. Ultimately, the court concluded that the presence of

2

both attorneys was necessary—and thus for the common benefit of the parties—since Nielson and Courtney "would never have accomplished a partition sale by themselves." It awarded Nielson $16,750 and Courtney $19,800 in attorney fees and costs, with each award to be paid from the sale of the Newbury Park property before the distribution of any remaining proceeds.

DISCUSSION

Nielson contends the trial court erred when it: (1) declined his request to apportion his attorney fee and cost award to Courtney, and (2) awarded Courtney fees. We disagree.

"The costs of partition include . . . [¶] [r]easonable attorney[] fees incurred or paid by a party for the common benefit." (Code Civ. Proc., § 874.010, subd. (a).) A trial court shall apportion these costs "among the parties in proportion to their interests[,] or make such other apportionment as may be equitable." (Code Civ. Proc., § 874.040.) We review a ruling based on such equitable considerations for abuse of discretion. (*Lin v. Jeng* (2012) 203 Cal.App.4th 1008, 1025.) We will not disturb it unless the appellant shows that the court "exceeded the bounds of reason, resulting in a miscarriage of justice" (*ibid.*), or that " 'there is no substantial evidence to support the . . . court's findings' " (*Orien v. Lutz* (2017) 16 Cal.App.5th 957, 966 (*Orien*)).

Nielson made neither showing here. He first argues the trial court should have apportioned his attorney fee award entirely to Courtney, but he supports this argument with no legal analysis. "Whether legal or factual, no error warrants reversal unless the appellant can show injury from the error." (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286.) "[T]o demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis." (*Id.* at pp. 286-287.) "[W]e may disregard conclusory arguments that are

3

not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions [they] want[] us to adopt." (*Id*. at p. 287.)

Nielson's apportionment argument is little more than a list of conclusory assertions with no citations to legal authority. This is unacceptable. (*ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1011.) "One cannot simply say the [trial] court erred and leave it up to the appellate court to figure out why." (*Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368.) It is not our duty to " 'act as counsel for [Nielson] . . . and furnish a legal argument as to how the trial court's rulings . . . constituted an abuse of discretion' [citation] or a mistake of law." (*Ibid*.)

Moreover, the trial court's apportionment decision was reasonable. The evidence showed that Nielson and Courtney had a "toxic" relationship and made "unreasonable" demands of each other throughout this litigation. Either one or both of their attorneys refused to engage with the other. Both sides' actions dragged out the case longer than necessary. Such needless actions support the trial court's equitable decision not to apportion Nielson's attorney fee award entirely to Courtney. There was no abuse of discretion. (See *Orien, supra*, 16 Cal.App.5th at p. 968 [detailing permissible ways a court may apportion fees in a partition action].)

There was also no abuse of discretion when the trial court granted Courtney's attorney fee request. As with his apportionment argument, Nielson supports this contention with no legal analysis. Instead, he simply asserts that Courtney provided no common benefit in the case because she filed an answer to his partition request in which she denied that Nielson was entitled to relief. This assertion ignores the long-standing principle in California law that "fees incurred by a defendant to a

4

partition action [can] be for the common benefit, and therefore allocable in part to the plaintiff, *despite the fact that the defendant had 'resisted partition.'* " (*Orien*, *supra*, 16 Cal.App.5th at p. 967, italics added; see, e.g., *Forrest v. Elam* (1979) 88 Cal.App.3d 164, 174 ["counsel for defendants performed services for the common benefit of the parties by resistance to the efforts of [the plaintiff] to take . . . value to which he was not entitled"].) "[T]hat [an] action was contested [is] no bar to the proportional allocation of attorney fees." (*Orien*, at p. 967.)

Nielson also invites this court to reweigh evidence on which party delayed the partition action and which attorney refused to engage with the other to support his contention that the trial court erroneously granted Courtney's attorney fee request. We decline this invitation. (*Campbell v. Southern Pacific Co.* (1978) 22 Cal.3d 51, 60.)

DISPOSITION

The judgment is affirmed. Courtney shall recover her costs on appeal and the attorney fees incurred in conjunction with this appeal (*Morcos v. Board of Retirement* (1990) 51 Cal.3d 924, 927), in amounts to be determined by the trial court (Cal. Rules of Court, rules 3.1702(c) & 8.278).

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:



GILBERT, P. J.        CODY, J.

Henry J. Walsh, Judge

Superior Court County of Ventura

_____

Douglas C. Michie for Plaintiff and Appellant.

Manfredi, Levine, Eccles, Miller & Lanson and Matthew R. Eccles for Defendant and Respondent.