Filed 2/15/23  Hadar v. Luria CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| SHACHAR M. HADAR et al.,<br><br>　　　Plaintiffs and Respondents,<br><br>v.<br><br>GERSHON LURIA,<br><br>　　　Defendant and Appellant. | A161387<br><br>(Contra Costa County<br>Super. Ct. No. C16-00396) |

Defendant Gershon Luria (Luria), appearing in pro per, appeals from an order granting summary adjudication in favor of plaintiffs Shachar Hadar and Esther Kolyer on their cause of action for partition of real property. Luria contends summary adjudication should have been denied because he raised a triable dispute over the parties' respective ownership interests in the subject property; he disputed the existence of a valid agreement to sell the property; he presented evidence of an agreement to hold the property for 10 years from the date of purchase; and he presented evidence raising a triable issue that plaintiffs should be prevented from obtaining equitable relief under the doctrine of unclean hands.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

According to the operative first amended complaint, plaintiffs own an undivided 50 percent tenancy-in-common interest in property located in Richmond (the Property).  Defendants Luria and his wife, Irit Sanger, own

1

the remaining undivided 50 percent interest.  In their first cause of action, plaintiffs describe the Property and the parties' respective ownership interests and request that the Property be partitioned by sale.  They allege partition by sale "is more equitable" because the Property "consists of a single building which is not susceptible to physical division."  In their second cause of action, plaintiffs allege that defendants, in performing management duties over the Property, breached their fiduciary duties to plaintiffs by failing to maintain and preserve an accurate account of the income and expenses associated with management of the Property; by expending income generated from the Property for expenses not reasonably related thereto; and by retaining income from the Property beyond the agreed-upon compensation for management duties.

In a prior appeal, this court reversed an order granting summary adjudication in favor of plaintiffs on their partition claim.  (*Hadar v. Luria* (May 15, 2019, A153420) [nonpub. opn.] (*Hadar I*).)  Luria had opposed the motion by submitting a declaration stating that the parties had agreed to hold the Property for a minimum of 10 years from the date of purchase.  (*Ibid.*)  Plaintiffs objected to Luria's declaration on the ground that it failed to state the place of execution as required under Code of Civil Procedure section 2015.5.  (*Hadar I.*)  Plaintiffs also argued that the evidence did not raise a triable issue of material fact because an agreement to waive the right of partition had to be in writing under the statute of frauds.  (*Ibid.*)  In reversing the trial court's grant of summary adjudication, we concluded the declaration sufficiently complied with Code of Civil Procedure section 2015.5.  We remanded the matter for further proceedings, noting the trial court had declined to reach the statute of frauds issue due to its ruling on the declaration.  (*Hadar I.*)

Following remand, plaintiffs again moved for summary adjudication of their partition claim. In support, they submitted evidence to establish the following facts and conclusions: (1) in January 2011, the parties purchased the Property—a multiunit apartment building in Richmond—with each side owning an undivided 50 percent interest; (2) there was no written agreement between the parties waiving plaintiffs' right of partition; (3) in January 2016, Hadar sent an email to Luria memorializing a telephone conversation between them in which Luria "stated that if we decide[d] to sell the property, you are OK with that"; and (4) due to the location and characteristics of the Property, partition in kind would be impractical and less equitable to the parties on both sides.

According to Hadar's supporting declaration, the parties agreed that Luria would manage the Property for a management fee of 10 percent of the gross rents. The parties "initially agreed that ownership of the Property would be transferred to a limited liability company, in which the four of us were co-equal members, but that plan was never executed after Mr. Luria changed his mind. There was never any express or implied agreement between Plaintiffs and Defendants, or any of them, whereby it was agreed that the Property would be owned for a required period of time or that the Property could not be sold until a particular date." Hadar further averred that "difficulties in the relationship between the co-owner couples developed" due to Luria's " 'management' of the Property," including his "apparent misappropriation of funds" and insufficient reporting of financial matters. Also, "Mr. Luria's propensity for conflict with tenants at the Property . . . led to multiple lawsuits being filed either against Mr. Luria individually or all co-owners collectively." Hadar stated that in January 2016, he and Luria agreed during a telephone call—later memorialized in an email—"that if

3

Plaintiffs wanted to sell the Property that this would be acceptable." (Underscore omitted.) In response to the email, Luria did not dispute he was amenable to plaintiffs selling the Property. Instead, Luria stated he had "specifically promised you [Hadar] this before we purchased, and as I hope you and Esther know that I always keep my word, because I believe this is ' "good business." ' "

Hadar further averred that because of "the physical characteristics of the Property and the density of the existing structure on a narrow lot in a densely built-out residential neighborhood," partition of the Property in kind was "totally impractical. Nor has it been suggested by Defendants or by anyone that an in-kind division of the Property could be accomplished, by partition or otherwise."

Defendants opposed the motion, arguing that under *Summers v. Superior Court* (2018) 24 Cal.App.5th 138 (*Summers*), any disputes regarding ownership of the Property had to be determined in a trial before a partition by sale could be ordered. According to defendants, there was indeed an ownership dispute because in March 2016, in case No. C16-00579, defendants sued plaintiffs for breach of fiduciary duty, abuse, and unjust enrichment and "demand[ed] the transfer of title to us." Defendants further disputed the existence of an agreement to sell the Property, arguing that Luria was not authorized to make a commitment to sell on behalf of his wife. Defendants reiterated their argument from the first summary adjudication motion that the parties had agreed to hold the Property for at least 10 years.

Defendants also argued there was a triable issue of material fact that plaintiffs should be denied equitable relief because of their unclean hands. According to defendants, Hadar had breached fiduciary duties to defendants by opening a limited liability company (GLSH Properties) in March 2011

4

without defendants' awareness or consent and keeping it open for several years; Hadar falsely stated in his summary adjudication declaration that the parties' plan to open the limited liability company " 'was never executed' " when, in fact, it was partially executed; Hadar gave "false, fabricated testimony to the insurance company" in a tenant's lawsuit against Luria (*Freeman v. Luria*) that Luria had caused a " 'personal vendetta' " with the tenant; and in another tenant lawsuit (*Brawly v. Luria*), plaintiffs made several filings in an effort "to sever the link between themselves and the lawsuit, and sign[ed] a settlement agreement in the case, all without the agreement or awareness of" defendants.

Plaintiffs filed reply papers, including several objections to defendants' evidence.

The trial court granted plaintiffs' motion for summary adjudication and ordered that the Property be partitioned by sale, finding plaintiffs and defendants each have a 50 percent undivided interest in the Property. In concluding there was no triable dispute as to the parties' ownership interests, the court rejected defendants' attempt to manufacture a triable issue based on the allegations of the complaint in case No. C16-00579.[1] In rejecting defendants' claim of waiver, the court found it was undisputed that there was no written agreement to hold the Property for 10 years and held that any oral agreement to do so was unenforceable under the statute of frauds. The court additionally found that any claimed oral agreement was modified by the

---

[1] Although the trial court granted defendants' request for judicial notice of the complaint in case No. C16-00579 and explained that case No. C16-00579 had "been consolidated with the case at bar," the complaint is not included in the appellate record before us. (See *Pringle v. La Chapelle* (1999) 73 Cal.App.4th 1000, 1003 [appellant has burden to show error on sufficient record, and where record is incomplete, we must presume trial court correctly relied on matters not before us].)

January 2016 email in which Hadar memorialized Luria's consent to the sale of the Property.  Finally, the trial court found there was no triable issue as to defendants' unclean hands defense, as the allegations of plaintiffs' misconduct were unrelated to the relief sought in the instant partition action. According to the trial court, the allegations of misconduct may or may not subject plaintiffs to liability for damages, but they are not a basis for denying the equitable right of partition.

The trial court's order included rulings on plaintiffs' evidentiary objections in which the court sustained objections to several portions of Luria's declaration and the attached exhibits.

Luria filed a timely notice of appeal.  (Code Civ. Proc., § 904.1, subd. (a)(9) [appeal may be taken from interlocutory judgment in action for partition].)[2]

## DISCUSSION[3]

A plaintiff may move for summary adjudication of a cause of action by establishing it is entitled to judgment on the cause of action.  (Code Civ. Proc., § 437c, subds. (f), (p); *Taswell v. Regents of University of California* (2018) 23 Cal.App.5th 343, 350 (*Taswell*).)  If the moving party meets its burden to prove each element of the cause of action, the burden shifts to the defendant to show that a triable issue of material fact exists as to the cause of

---

[2]    Luria's codefendant, Irit Sanger, did not appeal the trial court's decision.

[3]    Plaintiffs argue, and we agree, that Luria's appellate briefs repeatedly fail to support factual assertions with citations to the clerk's transcript by volume and page number, as required by California Rules of Court, rule 8.204(a)(1)(C).  Although we may decline to consider factual assertions that do not comply with this rule (*Rybolt v. Riley* (2018) 20 Cal.App.5th 864, 868), and we in no way condone Luria's noncompliance, we will exercise our discretion to overlook the noncompliance.

6

action.  (Code Civ. Proc., § 437c, subd. (p)(1).)  We review orders granting summary adjudication de novo.  (*Taswell*, at p. 350.)  In doing so, we liberally construe the evidence and resolve all evidentiary doubts in favor of the party opposing the motion.  (*Garrett v. Howmedica Osteonics Corp.* (2013) 214 Cal.App.4th 173, 181.)

## A. Partition Generally

" ' "[P]artition" [is] "the procedure for segregating and terminating common interests in the same parcel of property." ' [Citation.]  It is a ' " 'remedy much favored by the law.  The original purpose of partition was to permit cotenants to avoid the inconvenience and dissension arising from sharing joint possession of land.  An additional reason to favor partition is the policy of facilitating transmission of title, thereby avoiding unreasonable restraints on the use and enjoyment of property.' " ' " (*Summers*, *supra*, 24 Cal.App.5th at p. 142.)

To state a cause of action for partition, "[t]he complaint shall set forth: (a) A description of the property that is the subject of the action. . . .  In the case of real property, the description shall include both its legal description and its street address or common designation, if any.  [¶] (b) All interests the plaintiff has or claims in the property.  [¶] (c) All interests of record or actually known to the plaintiff that persons other than the plaintiff have or claim in the property and that the plaintiff reasonably believes will be materially affected by the action, whether the names of such persons are known or unknown to the plaintiff.  [¶] (d) The estate as to which partition is sought and a prayer for partition of the interests therein.  [¶] (e) Where the plaintiff seeks sale of the property, an allegation of the facts justifying such relief in ordinary and concise language."  (Code Civ. Proc., § 872.230.)

"At the trial, the court shall determine whether the plaintiff has the right to partition." (Code Civ. Proc., § 872.710, subd. (a).) "If the court finds that the plaintiff is entitled to partition, it shall make an interlocutory judgment that determines the interests of the parties in the property and orders the partition of the property and, unless it is to be later determined, the manner of partition." (Code Civ. Proc., § 872.720, subd. (a).) The order of partition "shall order that the property be divided among the parties in accordance with their interests in the property as determined in the interlocutory judgment." (Code Civ. Proc., § 872.810.) However, "[i]n lieu of dividing the property among the parties, the court shall order the property be sold and the proceeds divided among the parties in accordance with their interests in the property if the parties agree to such relief or the court determines sale and division of the proceeds would be more equitable than a division of the property." (*LEG Investments v. Boxler* (2010) 183 Cal.App.4th 484, 493 (*LEG Investments*), citing Code Civ. Proc., § 872.820.)

## B. Dispute Over Ownership Interests

In a partition action, "[t]he interests of the parties, plaintiff as well as defendant, may be put in issue, tried, and determined in the action." (Code Civ. Proc., § 872.610.) In *Summers*, Division One of this court held that the partition statutes do not allow a trial court to order the manner of a property's partition before it determines the ownership interests in the property. (*Summers*, *supra*, 24 Cal.App.5th at p. 140.) Here, the undisputed evidence established—and the trial court found—that each couple in this matter had an undivided 50 percent interest in the Property.

Luria nonetheless maintains there is a triable dispute over the parties' ownership interests because defendants' complaint in case No. C16-00579 demanded transfer of title to the entire Property to them. However, because

8

the record on appeal does not include a copy of the complaint in case No. C16-00579, we are unable to ascertain what allegations and claims supposedly entitled defendants to title to the Property. (See *Christie v. Kimball* (2012) 202 Cal.App.4th 1407, 1412 [error not presumed where review is hampered by appellant's failure to produce full record].)[4] More importantly, Luria cannot simply "rely upon the allegations or denials of [the] pleadings to show that a triable issue of material fact exists but, instead, shall set forth the specific facts showing that a triable issue of material fact exists as to the cause of action or a defense thereto." (Code Civ. Proc., § 437c, subd. (p)(1).) And if this were not enough, Luria appears to have conceded both below and on appeal that the parties on each side of this dispute are 50 percent co-owners of the Property.

In short, Luria fails to demonstrate the existence of a triable dispute as to the parties' ownership interests in the Property.

### C. Alleged Waiver of Right of Partition

"[P]artition, which is frequently denominated an absolute right [citation], is subject to waiver, and also to estoppel and similar equitable defenses." (*Thomas v. Witte* (1963) 214 Cal.App.2d 322, 327.) The right may

---

[4]    Even if we assumed that the allegations of Hadar's breaches of fiduciary duty raised in this appeal (e.g., creating a limited liability corporation without Luria's consent; making false statements and self-interested filings in the tenant lawsuits) were also the bases for defendants' complaint in case No. C16-00579, Luria fails to provide cogent argument supported by legal authority that these acts would entitle defendants to complete title to the Property. (See *Murphy v. Murphy* (2008) 164 Cal.App.4th 376, 405 [failure to cite pertinent legal authority is enough reason to reject argument]; *In re Marriage of Schroeder* (1987) 192 Cal.App.3d 1154, 1164 [where appellant presents no cogent argument or citation to authority court may treat point as waived].)

9

be waived by express or implied contract.  (*LEG Investments*, *supra*, 183 Cal.App.4th at p. 493.)

Defendants attempted to raise a triable dispute regarding plaintiffs' waiver of their right of partition by submitting Luria's declaration that he and Hadar "agreed to hold the property for at least 10 years [from the date of purchase] and took a 10-year fixed rather expensive (6.6% interest) loan for this purpose."  Notably, this statement followed a recitation of several other terms negotiated between Hadar and Luria "[a]ccording to the verbal agreement," suggesting the promise to hold the property was also verbal.  On this score, the trial court concluded that defendants' evidence of an "oral agreement" was unenforceable under the statute of frauds, citing Code of Civil Procedure section 1971 and Civil Code section 1624.  Luria does not challenge this ruling on appeal; nor does he otherwise suggest that the purported agreement to hold the Property for 10 years was reduced to writing.

Instead, Luria denies there was a valid agreement to sell the Property. Specifically, Luria contends that despite Hadar's January 2016 email purporting to memorialize Luria's agreement to sell, the agreement was not valid because Luria could not agree to a sale on behalf of his wife.  But this evidence, even if credited, fails to raise a triable issue of material fact because defendants' agreement to sell is not required for plaintiffs to exercise their unwaived right of partition.  As co-owners, plaintiffs have an absolute right of partition, and the trial court could order the Property sold if it determined that sale and division of the proceeds would be more equitable than an in-kind division.  (*LEG Investments*, *supra*, 183 Cal.App.4th at p. 493; Code Civ. Proc., § 872.820.)  And though plaintiffs argued and submitted evidence below showing that partition by sale would be more equitable than partition

10

in-kind, defendants offered no argument or evidence to dispute this. Accordingly, even if we assumed there was no January 2016 agreement to sell the Property, this would have no effect on plaintiffs' right to seek partition of the Property by sale.

For these reasons, we conclude Luria has not demonstrated the existence of a triable issue of material fact with respect to plaintiffs' supposed waiver of their right of partition.

## D. Unclean Hands

Luria contends the evidence raised a triable issue of material fact that plaintiffs are barred from partition under the doctrine of unclean hands due to their alleged breaches of fiduciary duty.

"The doctrine of unclean hands prevents a party from obtaining either legal or equitable relief when that party has acted inequitably or with bad faith relative to the matter for which relief is sought." (*People v. Wickham* (2013) 222 Cal.App.4th 232, 238.) "[I]t is an equitable rationale for refusing a plaintiff relief where principles of fairness dictate that the plaintiff should not recover, regardless of the merits of his [or her] claim." (*Kendall-Jackson Winery, Ltd. v. Superior Court* (1999) 76 Cal.App.4th 970, 985.)

However, "it is not every wrongful act nor even every fraud which prevents a suitor in equity from obtaining relief. The misconduct which brings the clean hands doctrine into operation must relate directly to the transaction concerning which the complaint is made, i.e., it must pertain to the very subject matter involved and affect the equitable relations between the litigants. Accordingly, relief is not denied because the plaintiff may have acted improperly in the past or because such prior misconduct may indirectly affect the problem before the court." (*Fibreboard Paper Products Corp. v.*

11

*East Bay Union of Machinists* (1964) 227 Cal.App.2d 675, 728–729 (*Fibreboard Paper*).)

As a threshold matter, plaintiffs contend the doctrine of unclean hands is not a defense to partition as a matter of law because the partition statutes refer only to a valid waiver as barring the right of partition. We need not resolve this question, for even assuming unclean hands may bar the right of partition, we conclude defendants failed to submit evidence demonstrating a triable issue of material fact on their unclean hands defense.

The allegations of plaintiffs' unclean hands can be boiled down to two categories of conduct. First, Hadar purportedly created and operated GLSH Properties for five years, with Luria as a manager, but without Luria's awareness or consent. Second, Hadar supposedly made false statements to an attorney representing an insurance company in connection with a tenant lawsuit (*Freeman v. Luria*), resulting in an increased demand by the tenant and "significant financial damages to the partnership," and furthermore, plaintiffs made several filings in another tenant lawsuit (*Brawly v. Luria*) and signed "an uncalled-for compromise" agreement without informing defendants, resulting in increased insurance premiums.

As plaintiffs point out, however, Luria either fails to support these allegations with citations to the record or cites to evidence that was excluded after the trial court sustained objections to the Luria declaration and related exhibits. For instance, the allegation that Hadar made statements to an attorney in *Freeman v. Luria* that caused "significant financial damages to the partnership" is unsupported by citation to the record other than two exhibits to Luria's declaration that were excluded by the trial court. And Luria's claim that plaintiffs' filings in *Brawly v. Luria* and execution of a settlement agreement caused insurance premiums to increase was likewise

12

based on an excluded exhibit. Luria does not challenge the evidentiary rulings on appeal, and accordingly, he has forfeited any arguments that the trial court abused its discretion in excluding this evidence. (*Gombiner v. Swartz* (2008) 167 Cal.App.4th 1365, 1374–1375.)

What remains are vague accusations that Hadar failed to disclose the truth about GLSH Properties to Luria, and that plaintiffs made several unspecified filings in one of the tenant lawsuits. But this evidence was insufficient to raise a triable issue of material fact of plaintiffs' unclean hands. As the trial court aptly observed, even if the alleged conduct was tangentially related to the subject matter of the partition complaint, it did not affect the equitable relations between the litigants as to the Property. (*Fibreboard Paper*, *supra*, 227 Cal.App.2d at pp. 728–729.)

*Aguayo v. Amaro* (2013) 213 Cal.App.4th 1102 (*Aguayo*) is instructive. There, the plaintiff sought to quiet title to real property based on her claim of adverse possession. (*Id.* at p. 1105.) The appellate court affirmed the trial court's finding that the unclean hands doctrine barred the plaintiff from asserting adverse possession because she and her husband had fraudulently recorded a quitclaim deed transferring the property to themselves and directed that tax statements be mailed to them so they could pay the taxes on the property in order to satisfy the requirement of adverse possession. (*Id.* at pp. 1113–1114.) In other words, the plaintiff's deceitful conduct related directly to one of the required elements for her claim of adverse possession to the property at issue. *Aguayo* held that "[t]his is the kind of bad faith, unconscionable conduct that a trial court, sitting as a court of equity, can reasonably conclude is sufficient to invoke the doctrine of unclean hands." (*Ibid.*)

13

By contrast, Luria fails to provide any cogent argument that Hadar's conduct constituted bad faith or unconscionable conduct that similarly affected the equitable rights of the parties. While Hadar acknowledged in his declaration that there were initial discussions among the parties to transfer the Property to a limited liability corporation, there was no contention or evidence that the Property was indeed transferred to GLSH Properties without Luria's awareness or consent. To the contrary, it is undisputed that the parties remain 50 percent co-owners of the Property. Thus, even if we fully indulged the inference that Hadar once harbored a secret intent to "gain control [of] the property by means of the illegally filed LLC" as Luria contends, the plan never came to fruition. Nor has Luria demonstrated with admissible evidence how plaintiffs' conduct affected his or his wife's rights in the Property. At bottom, the evidence is undisputed that plaintiffs are co-owners of the Property entitled to a right of partition and that partition by sale would be more equitable than partition in kind. Thus, even assuming the truth of the misconduct allegations concerning GLSH Properties and the tenant lawsuits, defendants fail to show that the misconduct had any effect on the equitable relations between the parties on the controversy before the court—i.e., whether an interlocutory judgment to partition the Property should issue.

Luria nonetheless maintains that "the clear and serious incidents of breaches of fiduciary duty by [Hadar]" are directly related to the partition action because those acts "were the main cause for the subject motion regarding the dissolution of [the] otherwise highly financially successful partnership." We disagree. While the parties' accusations of misconduct against one another provide context for their falling out, they do not affect the parties' equitable rights given the undisputed nature of plaintiffs'

14

unwaived right of partition. If anything, a partition by sale in this case would further the remedy's original purpose—to avoid the dissension arising from the parties' joint possession of property. (*Summers*, *supra*, 24 Cal.App.5th at p. 142.)

Luria also accuses plaintiffs of "not act[ing] as partners working for the benefit of the partnership" and "seek[ing] to enrich themselves on the backs of the Lurias," as well as "attempt[ing] to sever their ties to the partnership at a time when they believed that this was in their best interests." But Luria again fails to provide any cogent argument or supporting authority that such claimed acts of self-interest constitute "the kind of bad faith, unconscionable conduct that a trial court, sitting as a court of equity, can reasonably conclude is sufficient to invoke the doctrine of unclean hands." (*Aguayo*, *supra*, 213 Cal.App.4th at pp. 1113–1114.)

On this record, we agree with the trial court that defendants did not raise a triable issue of material fact on their unclean hands defense so as to bar summary adjudication on plaintiffs' claim for partition by sale.

## E. Remaining Arguments

We proceed to dispose of Luria's remaining arguments. He contends there are triable issues of material fact because Hadar made several false statements in his supporting declaration that: (1) the parties' plan to transfer ownership of the Property to an LLC was "never executed" when, in fact, the plan was partially executed; (2) Luria's management of the Property was deficient; (3) there were "significant issues" regarding Luria's misappropriation of funds and reporting of financial matters relating to the Property; (4) Luria had a propensity for conflict with tenants at the Property, which led to multiple lawsuits; and (5) the parties' "difficulties" led to numerous discussions. But Luria fails to explain how the claimed falsity of

15

such statements raises a triable issue of fact that is material to the partition claim. To the extent Luria makes these accusations solely to challenge Hadar's credibility, this is insufficient by itself to preclude summary adjudication. (See Code Civ. Proc., § 437c, subd. (e) [summary judgment or adjudication shall not be denied on grounds of credibility except where declarant was sole witness or where material fact is declarant's state of mind].)

Next, Luria argues that plaintiffs' motion was procedurally defective because it lacked a declaration under Code of Civil Procedure section 437c, subdivision (t). This argument wholly misses the mark. Plaintiffs did not move for summary adjudication under subdivision (t), which permits a summary adjudication motion that "does not completely dispose of a cause of action, affirmative defense, or issue of duty" under circumstances that were not met here. (Code Civ. Proc., § 437c, subd. (t)(1)(A)(ii).) Rather, the summary adjudication motion was appropriately brought under Code of Civil Procedure section 437c, subdivision (f), because plaintiffs sought to completely dispose of their partition cause of action. Accordingly, plaintiffs' compliance with Code of Civil Procedure section 437c, subdivision (t)(1)(A)(ii), was not required.

Finally, Luria argues that plaintiffs were not permitted to bring a second motion for summary adjudication without showing new or different facts, circumstances, or law. He is mistaken. Under Code of Civil Procedure section 437c, subdivision (f)(2), "[a] party shall not move for summary judgment based on issues asserted in a prior motion for summary adjudication and denied by the court unless that party establishes, to the satisfaction of the court, newly discovered facts or circumstances or a change of law supporting the issues reasserted in the summary judgment motion."

16

Here, however, the trial court granted plaintiffs' first summary adjudication motion after sustaining a procedural objection to Luria's declaration, only for the evidentiary ruling to be reversed on appeal and the matter remanded for further determination of issues that were left unaddressed by the trial court on the first motion.  Simply put, plaintiffs' second summary adjudication motion was not an improper attempt to seek reconsideration of issues already decided against them on a prior motion.

## DISPOSITION

The order granting plaintiffs' motion for summary adjudication is affirmed.  Plaintiffs shall receive their costs on appeal.


FUJISAKI, J.


WE CONCUR:


TUCHER, P.J.


RODRÍGUEZ, J.


*Hadar et al. v. Luria* (A161387)

17